RYAN RAPP PACHECO SORENSEN PLC
3200 N. Central Avenue, Suite 2250
Phoenix, Arizona 85012
(602) 280-1000 (602) 265-1495 Fax
Christopher T. Rapp, AZ State Bar No. 013374
Email: CTRapp@rrpklaw.com
Lesli M. H. Sorensen, AZ State Bar No. 025770
Email: LSorensen@rrpklaw.com

Donald W. Hudspeth, Esq. (012198)
Mark S. Hamilton, Esq. (033825)
**THE LAW OFFICES OF DONALD W. HUDSPETH, P.C.**
3200 N. Central Avenue, Suite 2500
Phoenix, Arizona 85012
Telephone: 602.265.7997
Facsimile: 602.265.6099
don@azbuslaw.com
amb@azbuslaw.com
Court@azbuslaw.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kirk Tjalas, an individual; Act Now Management, LLC, an Arizona limited liability company; Act Now Health Care Solutions, LLC, an Arizona limited liability company; Atlantic Home Health Care, LLC, an Arizona limited liability company; Atlantic Home Health Care, LLC, dba Haven Home Health Care, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>Kevin Reese Ruark and Janice L. Ruark, husband and wife; Jamin Reese Ruark and Lauren Ratiani, husband and wife; Matthew Saagman and Breeana Saagman, husband and wife; Kristi Lyn Jackson, an individual; Brian Matthew Friedberg, and individual; Haven | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**JURY TRAIL DEMANDED** |

EEOI Holdings, LLC, a Delaware limited liability company; Charis Healthcare Holdings, LLC, fka The Charis Rescue Foundation, LLC, a Florida limited liability company; The Charis Foundation, Inc., a Florida corporation; Haven Holdings MI, LLC, a Florida limited liability company; Absolutely Haven, LLC, a Florida limited liability company; Haven LTH, LLC, a Florida limited liability company; Fictitious Persons or Entities I-X,

Defendants.

Plaintiffs Kirk Tjalas, Act Now Management, LLC, Act Now Health Care Solutions, LLC, Atlantic Home Health Care, LLC, and Atlantic Home Health Care, LLC dba Haven Home Health Care, LLC ("Plaintiffs" or "Tjalas Parties"), through undersigned counsel, for their Verified Complaint against Defendants Kevin Reese Ruark, Janice L. Ruark, Jamin Reese Ruark, Lauren Ratiani, Matthew Saagman, Breeana Saagman, Brian Matthew Friedberg, Kristi Lyn Jackson, The Charis Foundation, Inc., Haven EEOI Holdings, LLC, Charis Healthcare Holdings, LLC fka The Charis Rescue Foundation, LLC, Haven Holdings MI, LLC, Absolutely Haven, LLC, Haven LTH, LLC, Fictitious Persons or Entities I-X, state as follows:

## INTRODUCTION

This is, *inter alia*, a Civil RICO cause of action predicated on wire fraud and financial institution fraud. The Defendants engaged in a several years' long pattern and practice of unlawfully sweeping funds from the bank account(s) of Plaintiff Atlantic Home Health Care, LLC and/or Atlantic Home Health Care, LLC dba Haven Home Health Care, LLC (collectively referred to as "Atlantic Companies") into the bank

accounts of multiple other insider entities to deplete the funds of Atlantic Companies simultaneously leaving Plaintiffs with significant tax liabilities and tax liens.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Kirk Tjalas, PhD, FNP-BC, PMHNP-BC, CAMAG, ("Tjalas") is a Family Nurse Practitioner who is Board Certified by the Nurses Credentialing Center, and is domiciled in, and a citizen of, the State of Arizona.

2. Plaintiff Act Now Management, LLC ("ANM") is an Arizona limited liability company with its principal place of business in the State of Arizona.

3. ANM is a single member LLC and its sole member (Tjalas) is domiciled and is a citizen of the State of Arizona.

4. Plaintiff Act Now Health Care Solutions, LLC ("ANHC") is an Arizona limited liability company with its principal place of business in the State of Arizona.

5. ANHC is a single member LLC and its sole member (Tjalas) is domiciled and is a citizen of the State of Arizona.

6. Plaintiff Atlantic Home Health Care, LLC ("AHHC 1") is an Arizona limited liability company with its principal place of business in the State of Arizona.

7. AHHC 1 is registered with the State of Arizona as a single member LLC and its sole member is identified by the Arizona Corporation Commission as Charis Healthcare Holdings, LLC ("CHH"), a Florida limited liability company whose principal place of business is in the State of Michigan.

8. ANM or ANHC is a 50% member of AHHC 1, and Defendants have, at all times relevant, held ANM/ANHC/Tjalas out as a 50% member of AHHC 1.

9. Plaintiff Atlantic Home Health Care, LLC dba Haven Home Health Care, LLC ("AHHC 2") is a Delaware limited liability company with its principal place of business in the State of Arizona.

10. AHHC 2 is organized in the State of Delaware and registered in the State of Arizona under the dba Haven Home Health Care, LLC.

11. Plaintiff Kirk Tjalas receives K-1 filings from AHHC 2 identifying him, through his disregarded entity ANHC, as 50% member of AHHC 2.

12. According to the tax return filings for AHHC 2, Defendant Charis Healthcare Holding, LLC is the other 50% member of AHHC 2.

13. Defendants have routinely and consistently held Plaintiff Tjalas and his entity ANHC as 50% member of AHHC 2.

14. Upon information and belief, Defendant Jamin is the President of AHHC 2.

15. Throughout this Complaint, AHHC 1 and AHHC 2 shall be referred to collectively as "Atlantic Companies."

16. Defendants Kevin Reese Ruark ("Kevin") and Janice L. Ruark are husband and wife and are domiciled in, and citizens of, the State of Michigan.

17. Defendants Jamin Reese Ruark ("Jamin") and Lauren Ratiani are husband and wife and are domiciled in, and citizens of, the State of California.

18. At all relevant times, Defendant Jamin acted on behalf of the marital community and Defendant Lauren Ratiani ratified and benefitted from the actions of Defendant Jamin.

19. Defendant Lauren Ratiani is named for purposes of including the marital community.

20. Defendants Matthew Saagman and Breeana Saagman are husband and wife and are domiciled in, and citizens of, the State of Michigan.

21. Collectively, Defendants Kevin Ruark, Janice Ruark, Jamin Ruark, Matthew Saagman, and Breeana Saagman are referred to as the "Ruark Parties."

22. Defendant Kristi Lyn Jackson is a married woman domiciled in, and a citizen of, the State of Florida.

23. Defendant Brian Matthew Friedberg is a married man domiciled in, and a citizen of, the State of Florida.

24. Defendant the Charis Foundation, Inc. ("Charis F.") is a Florida corporation with its principal place of business in the State of Florida.

25. Upon information and belief, the owners of Charis F. are the Ruark Parties who are citizens of the States of Michigan and California.

26. The President of Charis F. is Janice Ruark and the Vice President and Chief Executive Officer is Breanna Saagman.

27. Defendant Charis Healthcare Holdings, LLC ("CHH") was formerly known as The Charis Rescue Foundation, LLC, and is a Florida limited liability company with its principal place of business in the State of Florida.

28. Upon information and belief, the members of CHH are Kevin, who is a citizen of the State of Michigan, and Jamin, who is a citizen of the State of California.

///

29. Defendant Haven EEOI Holdings, LLC ("EEOI") is a Delaware limited liability company with its principal place of business, upon information and belief, in the State of Michigan.

30. Upon information and belief, the members of EEOI are the Ruark Parties who are citizens of the States of Michigan and California.

31. Defendant Haven Holdings MI, LLC ("HHMI") is an inactive Florida limited liability company whose principal place of business is in the State of Michigan.

32. Upon information and belief, the members of HHMI are the Ruark Parties who are citizens of the States of Michigan and California.

33. The managers of HHMI are Kevin and Jamin who are citizens of the States of Michigan and California, respectively.

34. The President of HHMI is Matthew Saagman who is a citizen of the State of Michigan.

35. The Vice President/Treasurer of HHMI is Breanna Saagman who is a citizen of the State of Michigan.

36. The Secretary for HHMI is Jamin who is a citizen of the State of California.

37. Defendant Absolutely Haven, LLC ("AH") is a Florida limited liability company whose principal place of business is in the State of Florida.

38. Defendant AH's manager is Matthew Saagman, a citizen of the State of Michigan.

///

39. Upon information and belief, the members of AH are the Ruark Parties.

40. Defendant Haven LTH, LLC ("LTH") is a Florida limited liability company whose principal place of business is, upon information and belief, Florida.

41. Defendant LTH's manager is Jamin who is a citizen of the State of California.

42. Upon information and belief, the Ruark Parties are the members of Defendant LTH.

43. Defendants Fictitious Persons or Entities I-X are those individual persons, firms, corporations, or other entities who are responsible to the Plaintiffs for the damages they have sustained and whose identities are unknown but will be added by appropriate amendments when ascertained. Any mention herein of the Defendants incorporates by reference the Fictitious Persons or Entities Defendants.

44. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 since this Complaint is based upon a federal statute giving rise to a private cause of action.

45. This Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367 since the state law claims are so related to the federal claims that they form part of the same case or controversy.

46. This venue is appropriate pursuant to 28 U.S.C. § 1391.

///

///

///

## FACTUAL ALLEGATIONS

### ***Direct and Derivative Claims***

47. Plaintiff ANM and ANHC, as 50% member of AHHC 1, brings this action as a direct action pursuant to A.R.S. § 29-3801 against CHH, HHMI and the manager of AHHC 1, Jamin, to enforce and protect its rights under the Operating Agreement for AHHC 1 as well as the rights under the Arizona Limited Liability Company Act, A.R.S. § 29-3101, *et seq*.

48. Plaintiff Kirk Tjalas, through his entity ANHC, as a 50% member of AHHC 2, brings this action as a direct action pursuant to A.R.S. § 29-3801 against CHH and the President of AHHC 2, Jamin, to enforce and protect their rights under the Operating Agreement as well as the rights under the Arizona Limited Liability Company Act, A.R.S. § 29-3101, *et seq.*

49. Plaintiff ANM and ANHC, as 50% member of AHHC 1, additionally brings this action as a derivative action on behalf of AHHC 1 pursuant to A.R.S. § 29-3802.

50. Plaintiff Kirk Tjalas, through his entity ANHC, as a 50% member of AHHC 2, additionally brings this action as a derivative action on behalf of AHHC 2 pursuant to A.R.S. § 29-3802.

51. Plaintiffs Kirk Tjalas, ANM, and ANHC made a derivative demand (*Exhibit 25* at p. 5) however, even if they had not made a demand on AHHC 1, AHHC 2, or Defendants CHH, HHMI, or Jamin, it would have been futile to do so. A.R.S. § 29-3802(2), Rule 23.1(b)(3)(B), Fed.R.Civ.P.

a. The actions complained of in this Complaint were engaged in by Defendant Jamin acting as the Manager of AHHC 1 and/or President of AHHC 2.

b. Further, Jamin is a member and/or manager of Defendants CHH and HHMI.

c. Asking Jamin to remove himself as the Manager of AHHC 1 and/or President of AHHC 2, divest his entity (whether CHH or HHMI) of its ownership interest in Atlantic Companies, and return the tens of millions of dollars he siphoned from Atlantic Companies is clearly futile.

***<u>Operating Documents</u>***

<u>AHHC 1</u>

52. On or around July 1, 2017, Defendant HHMI entered into an agreement with Plaintiff ANM and Tjalas wherein ANM/Tjalas received a 20% interest in Plaintiff AHHC 1 in exchange for development services performed by ANM and Tjalas.

53. The agreement was reduced to writing as an Operating Agreement for Plaintiff AHHC 1. A copy of the Operating Agreement is attached hereto as *Exhibit 1* and is incorporated by reference herein.

54. Jamin signed the Operating Agreement on behalf of Plaintiff AHHC 1 (as its Manager) and HHMI (as Director of the Board of Managers).

55. Plaintiff Tjalas signed the Operating Agreement on behalf of ANM (as its sole member).

///

56. On or around January 1, 2018, AHHC 1 entered into a Consulting Agreement with Plaintiff THC to provide management and consulting services to AHHC 1. A copy of the Consulting Agreement is attached hereto as *Exhibit 2* and is incorporated by reference herein.

57. On or around January 1, 2018, Plaintiffs ANM and AHHC 1 and Defendant HHMI entered into an Addendum to AHHC 1's Operating Agreement with an effective date of April 1, 2018. A copy of the Addendum is attached hereto as *Exhibit 3* and is incorporated by reference herein.

58. The Addendum gave Plaintiff ANM 50% membership in AHHC 1. *Exhibit 3,* p. 1.

59. On or around November 1, 2018, Defendant HHMI and Plaintiff ANM entered a Second Amendment to Revised and Restated Operating Agreement ("Second Amendment") of AHHC 1. A copy of the Second Amendment is attached hereto as *Exhibit 4* and is incorporated by reference herein.

60. According to the Second Amendment, Tjalas assigned any interest he had in AHHC 1 to his single member LLC, Plaintiff ANM, effective April 1, 2018. *Exhibit 4.*

61. According to the Second Amendment, Defendant HHMI assigned 30% of its interest in AHHC 1 to Plaintiff ANM effective April 1, 2018. *Exhibit 4.*

62. Defendant Jamin signed the Second Amendment on behalf of AHHC 1 (as its Manager) and Defendant HHMI (as Manager). *Exhibit 4.*

63. Plaintiff Tjalas signed the Second Amendment on behalf of Plaintiff ANM (as its sole member). *Exhibit 4.*

64. On or about November 1, 2018, Defendant Jamin executed a document that assigned any interest he had in AHHC 1 to Defendant HHMI and, as Director and Manager of HHMI, signed an Acceptance and Acknowledgement of the assignment. A copy of the Acceptance and Acknowledgement is attached hereto as *Exhibit 5* and is incorporated by reference herein. *See Exhibit 5,* p. 1.

65. On or about November 1, 2018, Plaintiff ANM, through Tjalas, and AHHC 1 and Defendant HHMI, through Jamin, signed an Approval and Consent of the assignment from Defendant Jamin to Defendant HHMI. Approval and Consent attached hereto as *Exhibit 5*, p. 2.

66. On or around November 26, 2019, Plaintiff Tjalas filed a document with the Arizona Corporation Commission adding Act Now Health Care Solutions, LLC as a member of Plaintiff AHHC 1.

AHHC 2 & Haven Home Health Care, LLC

67. Upon information and belief, on May 15, 2018, Defendant Matthew Saagman organized AHHC 2 in the State of Delaware.

68. On June 14, 2018, Defendant Matthew Saagman signed a company resolution adopting the fictitious name of Haven Home Health Care, LLC for AHHC 2 for use in the State of Arizona and filed the same with the Arizona Corporation Commission along with the application for registration of foreign limited liability company. A copy of the Company Resolution and Application are attached hereto as *Exhibit 6* and are incorporated by reference herein.

///

69. On June 15, 2018, Defendant Jamin signed a statutory agent acceptance accepting responsibility as the statutory agent for AHHC 2. *Exhibit 6* at p. 4.

70. Upon information and belief, Plaintiff AHHC 1 has adopted the name Haven Home Health Care, LLC for all of its operations, despite the fact that it is AHHC 2 that is registered with the State of Arizona to do business as Haven Home Health Care, LLC.

71. AHHC 2 is the alter ego of AHHC 1.

72. AHHC 2 has the same business address as AHHC 1; 15551 N. Greenway Hayden Loop, Suite 155, Scottsdale, Arizona 85260.

73. Plaintiffs Tjalas, ANHC, and ANM understand that AHHC 1 and AHHC 2 are interchangeable and that the Operating Agreements for AHHC 1 applies equally to AHHC 2.

74. Despite the fact that the Arizona Corporation Commission identifies Defendant Matthew Saagman as the sole member of AHHC 2, upon information and belief, Matthew Saagman has no membership interest as an individual.

<u>AHHC 2 is the Alter Ego of AHHC 1</u>

75. AHHC 1 conducted business under the name Atlantic Home Health Care, LLC from on or about 2006 through at least 2017.

76. As described in paragraphs 52-63 above, Plaintiffs Tjalas and ANM purchased a portion of AHHC 1.

77. Plaintiffs Tjalas and ANM assumed that AHHC 1 was the only entity performing home health care services under the name Atlantic Home Health Care, LLC.

78. Unbeknownst to Plaintiffs Tjalas, ANM, and ANHC, Defendants Matthew Saagman and Jamin organized an entity with the exact same name as AHHC 1 in the State of Delaware with the intent of conducting home health care services in Arizona and other states under the name Atlantic Home Health Care, LLC.

79. Defendants Matthew Saagman and Jamin registered AHHC 2 in the State of Arizona as a foreign entity with the dba Haven Home Health Care, LLC.

80. As described above at paragraphs 69 and 72, AHHC 2 has the same address as AHHC 1 and the same statutory agent.

81. Two federal employer identification numbers ("EIN") have been issued for entities named Atlantic Home Health Care, LLC: 41-2216406 and 36-4900853.

82. The certified public accountant who prepared the tax returns in 2020 through 2022 for the Atlantic Home Health Care, LLC entity with an EIN of 36-4900853 could not identify whether this EIN applied to AHHC 1 or AHHC 2.

83. The K-1s prepared for the years 2020 through present from the Atlantic Home Health Care, LLC entity with the EIN 36-4900853 identifies Plaintiff Tjalas, though his disregarded entity ANHC, as 50% member and CHH as 50% member. See K-1 for 2020 at *Exhibit 7*.

84. Upon information and belief, the Atlantic Home Health Care, LLC entity with the EIN 36-4900853 is AHHC 2.

85. Defendant Jamin held Plaintiff Tjalas, through his entity ANHC, out as 50% owner of AHHC 2. *Exhibits 8-10.*

///

86. Defendants kept both AHHC 1 and AHHC 2 active entities with the Arizona Corporation Commission. *Exhibits 11-12.*

87. Defendants continued to file amendment documents for AHHC 1 with the Arizona Corporation Commission up to and including May 26, 2021. *Exhibit 11* at 2.

The Charis Entities

88. During the period of November 2018 through January 1, 2021, the Ruark Parties formed various "Charis" and "Haven" companies including the Charis Foundation, the Charis Rescue Foundation nka Charis Healthcare Holdings, and Charis. Copies of the Formation documents are attached hereto as *Exhibit 13* and are incorporated by reference herein.

The Haven EEOI Entities

89. Upon information and belief, in or around 2022-2023, the Ruark Parties created various "Haven EEOI" entities in numerous states all doing business as Haven Home Health Care.

90. Upon information and belief, in or around 2015-2023 the Ruark Parties created various "Haven Hospice" entities in numerous states all doing business as Haven Home Health Care.

91. Upon information and belief, the Ruark Parties have dozens of entities all doing business under the umbrella of Haven Home Health Care.

///

///

///

***Improper and Illegal Actions Taken by Defendants***

Failure to Pay Payroll Taxes

92. Starting in or around October 2017, Plaintiffs Tjalas and ANM began receiving notices from various state revenue agencies that AHHC 1 was delinquent on payroll taxes.

93. Defendant Jamin as Manager of the company, and others acting as management or active members, caused these liabilities to be incorrectly and falsely attributable to Plaintiffs Tjalas and ANM.

94. Plaintiff Tjalas confronted Defendants Kevin and Jamin regarding the notices the Plaintiffs had received.

95. Kevin and Jamin gave Tjalas reasonable explanations about the notices and said they were taking care of the issues.

96. Tjalas trusted what Kevin and Jamin told him.

97. At the time Tjalas spoke with Kevin and Jamin, Tjalas and ANM were not aware of the full extent of the tax liability.

98. Plaintiffs now understand that the total payroll tax liability exceeds $15,000,000.

99. Based on a review of AHHC 1's and or Atlantic Companies' bank statements, it appears that the reasonable explanations Tjalas received from Kevin and Jamin were materially and purposefully false.

///

///

///

*Qui Tam* Litigation

100. On May 11, 2020, a *Qui Tam* action was filed against Tjalas, AHHC 1, AHHC 2, Haven Home Health Care, LLC, Jamin and Kevin. *See* District of Arizona Case No. 4:20-cv-00202-AMM.

101. Upon receipt of the *Qui Tam* Complaint, Tjalas was shocked and confused as the allegations specific to him were false.

102. Tjalas had no knowledge regarding allegations in the *Qui Tam* Complaint as it pertained to the entities and any illegal activity alleged against the entities.

103. Defendants Kevin and Jamin took control of the *Qui Tam* litigation and hired David Blank, Esq. to represent all Defendants in the action.

104. Upon information and belief, David Blank, Esq. had represented the Ruark Parties or their entities in prior litigation.

105. Prior to October 2022, Tjalas was not aware of Mr. Blank's prior representation of the Ruark Parties and Mr. Blank's probable conflict of interest.

106. From 2020 through December 2023, attorney David Blank negotiated with the Department of Justice to reach a stipulated civil resolution of the *Qui Tam* suit.

107. During the investigation engaged in by the Department of Justice ("DOJ"), Defendant Jamin filed a Financial Statement of Corporate Debtor, signed under oath, with the DOJ advising that the two members of AHHC 2 are Plaintiff Tjalas, through his entity ANHC, and defendant CHH. A copy of the Financial Statement of Corporate Debtor is attached hereto as *Exhibit 9*.

///

108. On or around August 3, 2022, Attorney David Blank prepared and submitted a letter to the DOJ explaining the distinction between Atlantic Companies, respond to inquiries of the DOJ, and transmitting the Financial Statement of Corporate Debtor signed by Defendant Jamin under oath. A copy of the David Blank letter is attached hereto as *Exhibit 10*.

109. Pursuant to Attorney David Blank's explanation, AHHC 1 was closed in September 2017 and ceased all operations. *Id.* at 2.

110. Plaintiff Tjalas did not understand until June 17, 2024 that Atlantic Companies were two completely separate entities.

111. Until June 17, 2024, Plaintiff Tjalas always understood that Atlantic Companies were the same entity operating under the same tax identification number.

112. Attorney David Blank confirmed Plaintiff Tjalas', through ANHC, membership interest in AHHC 2. *Id.*

113. If Attorney David Blank's representation to the DOJ is correct, the Operating Agreement for AHHC 1 was signed just months before Defendants permanently closed AHHC 1 and the amendments and addendums were signed after AHHC 1 ceased all operations. *See Exhibits 1-5 and 10* at p. 2.

114. If AHHC 1 was, in fact, permanently closed in September 2017, then the Operating Agreements and addendums and amendments thereto of AHHC 1 must apply to AHHC 2.

115. The fact that AHHC 1 continues to remain active with the Arizona Corporation Commission and the Ruark Parties continued to file amendments with the

Arizona Corporation Commission regarding membership interest in AHHC 1 supports Plaintiff Tjalas' belief that Atlantic Companies have been operated as one singular entity without distinction.

116. On December 18, 2023, Defendant Jamin signed a Settlement Agreement with the Department of Justice on behalf of Plaintiff AHHC 1 (as its Manager) or AHHC 2 (as its President). A copy of the Settlement Agreement is attached hereto as *Exhibit 14* and is incorporated by reference herein.

117. Plaintiffs Tjalas, ANHC, and ANM were not directly involved in the negotiations with the Department of Justice and were not parties to the Settlement Agreement.

118. Only Atlantic Companies was a party to the Settlement Agreement and only Jamin signed on behalf of Atlantic Companies.

<u>Self-Dealing</u>

119. Upon information and belief, on or around January 2021, Defendant Jamin, acting as Manager of AHHC 1 and/or President of AHHC 2, entered into an oral or written management agreement with Charis F. wherein Charis F. received 8% of the gross revenues of Atlantic Companies as a "management fee."

120. Defendant Jamin's sister, Breanna Saagman, is the Vice President and CEO of Charis F. and Jamin's mother, Janice Ruark, is the President of Charis F.

121. Upon information and belief, Defendant Jamin has an ownership interest in Charis F.

///

122. Plaintiffs ANM, ANHC, and Tjalas were not notified of the conflict of interest between Jamin and Charis F.

123. Plaintiffs ANM, ANHC and Tjalas were not consulted by Defendant Jaimin Ruark regarding entering into a management agreement between Atlantic Companies and Jamin's insider company Charis F.

Divesting ANM and ANHC of its Membership Interest

124. On May 27, 2021, Defendant Krisi Jackson sent a letter to the Arizona Corporation Commission impermissibly divesting Plaintiff ANM and ANHC of its membership interest in AHHC 1. A copy of the Letter is attached hereto as *Exhibit 15* and is incorporated by reference herein.

125. Defendant Kristi Jackson's letter states "As previously mentioned, We [sic] are changing the principal member from Act Now Management, LLC, Act Now Health Care Solutions, LLC, and Haven Holdings MI, LLC to Charis Healthcare Holdings, LLC for Atlantic Home Health Care LLC." *Exhibit 15.*

126. Defendant Kristi Jackson held herself out to the Arizona Corporation Commission as an authorized Agent for AHHC 1 and Haven Home Health.

127. To Plaintiffs' knowledge, Defendant Kristi Jackson has never had the authority to remove any entity's membership in AHHC 1.

128. Defendant Kristi Jackson had no authority from Plaintiff ANM or ANHC to remove ANM's or ANHC's 50% membership interest in AHHC 1.

129. Defendants never had authority from Plaintiff ANM or ANHC to remove ANM's or ANHC's 50% membership interest in AHHC 1.

130. Upon information and belief, Defendant Kristi Jackson was acting pursuant to the commands and directions of the Ruark Parties in divesting Plaintiff ANM or ANHC of its interest in AHHC 1.

131. Since May 27, 2021, the Defendants continue to hold Plaintiff ANM or ANHC or Tjalas as a 50% member in AHHC 1. A copy of writings holding ANM and Tjalas out as 50% member are attached hereto as *Exhibits 8-10* and are incorporated by reference herein.

132. On or around April 28, 2021, Defendant Kevin emailed Plaintiff Tjalas to ask if he would like the Arizona attorney to revise the identification of membership from ANM and ANHC to just ANHC. *Exhibit 16*.

133. Rather than correct the identification of membership interest from ANM to ANHC, Defendant Kristi Jackson divested ANM <u>and</u> ANHC of all membership interests. *Exhibit 15.*

134. Plaintiffs Tjalas and ANM did not learn of ANM's or ANHC's removal from AHHC 1 until on or around September 11, 2023.

<u>Transferring Atlantic Companies' Funds to Charis F. and CHH</u>

135. In or around 2023, Plaintiff Tjalas demanded access to Atlantic Companies' bank records and other corporate documents.

136. Plaintiff Tjalas was granted access to partial records including the bank statements for three bank accounts for Atlantic Companies for the years 2021, 2022, and part of 2023, along with general ledgers for some of those same years and balance sheets and year end profit and loss statements for 2021 and part of 2022. A copy of the

PNC bank account statements and profit and loss statements are attached hereto as *Exhibits 17-21* and are incorporated by reference herein.

137. Plaintiffs are unable to determine by reviewing the bank statements alone whether the accounts are held in the name of Atlantic Companies: both entities use the same exact name and the same business address.

138. According to the PNC bank statements provided by the Ruark Parties, the PNC bank account is held by the Atlantic entity whose EIN is 36-4900853. *Exhibits 17, 19, 21.*

139. Plaintiffs do not have the ability to determine with certainty which Atlantic Company holds the EIN associated with the PNC bank statements and, therefore, pleads in the name of both Atlantic Companies.

140. Upon review of the PNC bank statements provided by the Ruark Parties, Plaintiffs ANHC, ANM, and Tjalas learned that Defendant Jamin, acting as Manager and/or President of Atlantic Companies, transferred significant funds each month to Defendants Charis F. and CHH.

141. Defendant Jamin is a member of Defendant CHH and failed to disclose the conflict of interest to Plaintiffs Tjalas, ANHC, and ANM.

142. The transfers from the Atlantic Companies to the Charis entities—both of whom, upon information and belief, are insiders of Defendant Jamin—amounted to hundreds of thousands of dollars most months. *Exhibits 17, 19, 21.*

143. In total, from January 1, 2021, through December 31, 2021, Defendant Jamin, acting as Manager/President of the Atlantic Companies, sent approximately

$15,944,762.33 to Defendant Jamin's insider Defendants Charis F. and CHH. *Exhibit 17.*

144. In that same timeframe, the total gross revenues for the Atlantic Companies as reported on Atlantic Companies' Profit and Loss Statement was $22,929,602.66. *Exhibit 18.*

145. For 2021 alone, Defendant Jamin, using his power as Manager/President of Atlantic Companies, swept 69.54% of the total gross revenues of Atlantic Companies to Defendants Charis F. and CHH.

146. In total, from January 1, 2022, through October 31, 2022, Defendant Jamin, acting as Manager/President of Atlantic Companies, sent approximately $9,784,018.12 to Defendant Jamin's insider Defendants Charis F. and CHH. *Exhibit 19.*

147. In that same timeframe, the total gross revenues for Atlantic Companies as reported on Atlantic Companies' Profit and Loss Statement was $24,262,598.98. *Exhibit 20.*

148. For the first 10 months of 2022, Defendant Jamin, as Manager/President of Atlantic Companies, swept 40.33% of the total gross revenues of Atlantic Companies to Defendants Charis F. and CHH.

149. Upon information and belief, Defendants Charis F. and CHH failed to disclose the tens of millions of dollars either entity received from Atlantic Companies on their respective tax returns.

///

150. Upon information and belief, Defendant Brian Friedberg, the CFO for Haven Home Health Care, LLC, assisted and enabled Defendant Jamin to improperly sweep funds electronically from Atlantic Companies' bank accounts to the accounts for Defendants Charis F. and CHH.

151. Pursuant to the terms of the DOJ Settlement, if more than 51% of the assets of Atlantic Companies are transferred to a non-affiliated entity, then the payments due under the DOJ Settlement are accelerated and become immediately due and payable. *Exhibit 14* at p. 4 ¶ 1.C.

152. Upon information and belief, the continued sweep of monies out of the Atlantic Companies' bank accounts and into Defendants Charis F. and CHH is a violation of ¶ 1.C of the DOJ Settlement and would trigger an immediate acceleration of the DOJ Settlement payments. *Id.*

<u>Continued Failure to Pay Atlantic Companies' Payroll Taxes</u>

153. During 2021 and 2022, Defendant Jamin continued to fail to pay Atlantic Companies' payroll taxes, resulting in Atlantic Companies incurring approximately $15 million in unpaid tax liabilities owed to the Internal Revenue Service ("IRS").

154. In 2023, the Ruark Parties notified Tjalas that IRS Revenue Agent, John Evans, was actively collecting the approximately $15 million delinquent payroll tax liability for Atlantic Companies.

155. Plaintiff Tjalas confronted the Ruark Parties regarding the delinquent tax liability.

///

156. The Ruark Parties advised Tjalas that Atlantic Companies did not pay payroll taxes because Atlantic Companies did not have sufficient revenues to pay the payroll taxes.

157. The Ruark Parties did NOT advise Tjalas that the reason Atlantic Companies had insufficient funds to pay the outstanding payroll tax liabilities was because Defendant Jamin, acting as Manager/President of Atlantic Companies, swept tens of millions of dollars out of Atlantic Companies' bank accounts into accounts for the Ruark Parties' insider entities leaving very little money in Atlantic Companies' PNC bank account to pay Atlantic Companies' day-to-day expenses. *Exhibits 17, 19, 21.*

158. Tjalas' personal assets have been liened because of Defendant Jamin's failure to pay Atlantic Companies' payroll taxes to the IRS and various state departments of revenue.

<u>Appropriation of Corporate Opportunities</u>

159. Upon information and belief, starting around January 2024, Defendant Jamin, acting as Manager/President for Atlantic Companies, has diverted patients from Atlantic Companies to his insider Haven EEOI and LTH companies.

<u>Failure to Pay Atlantic Companies' State Withholding Taxes</u>

160. Plaintiff Tjalas received an Investigation notice from the State of Oregon dated February 29, 2024, regarding Atlantic Companies' failure to pay state withholding taxes from January 1, 2022, through June 30, 2023. A copy of the Investigation Notice is attached as *Exhibit 22* and is incorporated by reference herein.

161. Plaintiff Tjalas received an additional notice from the State of Oregon dated June 14, 2024 continuing collections of Atlantic Companies' state withholding taxes. A copy of the continuing notice is attached hereto as *Exhibit 23* and is incorporated by reference herein.

162. Upon information and belief, Atlantic Companies owes state withholding taxes for all states in which they conduct business.

163. On December 12, 2023, Defendant Jamin wrote a letter to the Washington State Board of Nursing confirming Plaintiff Tjalas', ANHC's, ANM's 50% membership in Atlantic Companies. *Exhibit 8.*

164. In that same letter, Defendant Jamin confirmed that Plaintiffs Tjalas, ANHC, and ANM have no part in Atlantic Companies' management or patient care services and that they only have an equity interest in Atlantic Companies. *Exhibit 8.*

165. Plaintiffs have learned that Defendants Kevin and Jamin have incurred significant tax liabilities over the years.

166. Prior to getting into business with the Ruark Parties, Plaintiffs have not had any significant tax liabilities levied against them.

167. Since getting into business with the Ruark Parties, Plaintiffs have been saddled with unfathomable and untenable tax liabilities and have had their properties liened by various taxing entities.

///

///

///

**COUNT I**
**Civil RICO 18 U.S.C. § 1961 et seq.**
**(All Plaintiffs Against All Defendants)**

168. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

169. All persons injured in his business or property by reason of a violation of 18 U.S.C. § 1962 may sue to recover threefold his damages. 18 U.S.C. § 1964 (c).

170. It is unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate commerce. 18 U.S.C. § 1962(a).

171. It is also unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. 18 U.S.C. § 1962(c).

172. It is also unlawful for any person to conspire to violate any of the provisions of 18 U.S.C. § 1962 (a) or (c). 18 U.S.C. § 1962(d).

173. The predicate acts for Plaintiffs' Civil RICO claims against Defendants are wire fraud (18 U.S.C. § 1343) and financial institution fraud (18 U.S.C. § 1344).

*Acts of Wire Fraud – False ACC Filing*

174. On or around May 27, 2021, Kristi Jackson submitted, through electronic means, a false letter to the Arizona Corporation Commission unlawfully removing

ANM's and ANHC's membership in AHHC 1. *Exhibit 15.*

175. Upon information and belief, Kristi Jackson was acting at the direction of the Ruark Parties.

176. Defendants Kristi Jackson and the Ruark Parties were acting in concert with Defendant CHH to unlawfully transfer ANM's or ANHC's interest in AHHC 1 to CHH.

177. Defendants Kevin and Jamin, as the members of CHH, benefited from Kristi Jackson's act of unlawfully removing ANM and ANHC as member of AHHC 1.

178. The filing of the false Amendment with the Arizona Corporation Commission is a violation of A.R.S. § 29-3205.

179. Plaintiffs ANM/ANHC, and their principal Tjalas, suffered harm by having their ownership interest in AHHC 1 improperly removed.

*Acts of Wire Fraud – PNC Bank Transfers to Insider Entities*

180. On or around January 4, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $14,100.00. *Exhibit 17.*

181. On or around January 6, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $13,100.00. *Id.*

///

182. On or around January 7, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $141,400.00. *Id.*

183. On or around January 7, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $900,000.00. *Id.*

184. On or around January 7, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $102,000.00. *Id.*

185. On or around January 8, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,000.00. *Id.*

186. On or around January 11, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,300.00. *Id.*

187. On or around January 11, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $122,362.33. *Id.*

188. On or around January 14, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $373,700.00. *Id.*

189. On or around January 15, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,200.00. *Id.*

190. On or around January 19, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,300.00. *Id.*

191. On or around January 21, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $749,700.00. *Id.*

192. On or around January 25, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $17,700.00. *Id.*

193. On or around January 26, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $800.00. *Id.*

194. On or around January 28, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $469,900.00. *Id.*

195. On or around January 29, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,800.00. *Id.*

196. On or around February 2, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $3,600.00. *Id.*

197. On or around February 3, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $8,800.00. *Id.*

198. On or around February 4, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $498,000.00. *Id.*

199. On or around February 5, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,200.00. *Id.*

200. On or around February 8, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $8,400.00. *Id.*

201. On or around February 9, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $16,000.00. *Id.*

202. On or around February 11, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $50,000.00. *Id.*

203. On or around February 12, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $6,800.00. *Id.*

204. On or around February 16, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,900.00. *Id.*

205. On or around February 18, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $34,000.00. *Id.*

206. On or around February 19, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $2,700.00. *Id.*

207. On or around February 22, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $5,200.00. *Id.*

208. On or around February 24, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $10,900.00. *Id.*

209. On or around February 25, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $60,200.00. *Id.*

210. On or around March 4, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $300,000.00. *Id.*

211. On or around March 4, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $40,000.00. *Id.*

212. On or around March 5, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,600.00. *Id.*

213. On or around March 8, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $16,100.00. *Id.*

214. On or around March 11, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $55,000.00. *Id.*

215. On or around March 11, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,000.00. *Id.*

216. On or around March 18, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $95,000.00. *Id.*

217. On or around March 19, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $12,000.00. *Id.*

218. On or around March 19, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $230,500.00. *Id.*

219. On or around March 22, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $16,400.00. *Id.*

220. On or around March 25, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,000.00. *Id.*

221. On or around March 26, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $5,700.00. *Id.*

222. On or around March 29, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $5,600.00. *Id.*

223. On or around March 30, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,400.00. *Id.*

224. On or around March 31, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $3,100.00. *Id.*

225. On or around April 1, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $310,000.00. *Id.*

226. On or around April 5, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,000.00. *Id.*

227. On or around April 5, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $33,000.00. *Id.*

228. On or around April 8, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $500,000.00. *Id.*

229. On or around April 9, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $32,400.00. *Id.*

230. On or around April 12, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $2,800.00. *Id.*

231. On or around April 13, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of

Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,600.00. *Id.*

232. On or around April 19, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $15,000.00. *Id.*

233. On or around April 20, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,500.00. *Id.*

234. On or around April 22, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $311,000.00. *Id.*

235. On or around April 27, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,400.00. *Id.*

236. On or around April 29, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $147,800.00. *Id.*

237. On or around May 3, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,800.00. *Id.*

238. On or around May 5, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $11,200.00. *Id.*

239. On or around May 6, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $100,000.00. *Id.*

240. On or around May 10, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $100,000.00. *Id.*

241. On or around May 11, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $2,600.00. *Id.*

242. On or around May 13, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of

Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $171,900.00. *Id.*

243. On or around May 18, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $15,600.00. *Id.*

244. On or around May 19, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $300.00. *Id.*

245. On or around May 20, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $500,000.00. *Id.*

246. On or around May 24, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $5,600.00. *Id.*

247. On or around May 25, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $2,600.00. *Id.*

248. On or around May 26, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $6,900.00. *Id.*

249. On or around May 27, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $26,500.00. *Id.*

250. On or around May 28, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,300.00. *Id.*

251. On or around June 1, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $10,400.00. *Id.*

252. On or around June 4, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $62,000.00. *Id.*

253. On or around June 8, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of

Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $8,400.00. *Id.*

254. On or around June 10, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $164,000.00. *Id.*

255. On or around June 14, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $8,300.00. *Id.*

256. On or around June 15, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,700.00. *Id.*

257. On or around June 16, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,500.00. *Id.*

258. On or around June 17, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $50,000.00. *Id.*

259. On or around June 21, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $8,700.00. *Id.*

260. On or around June 24, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $426,000.00. *Id.*

261. On or around June 28, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $21,300.00. *Id.*

262. On or around June 29, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $5,500.00. *Id.*

263. On or around July 6, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $2,200.00. *Id.*

264. On or around July 8, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of

Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $430,400.00. *Id.*

265. On or around July 9, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,300.00. *Id.*

266. On or around July 13, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $6,700.00. *Id.*

267. On or around July 14, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $6,400.00. *Id.*

268. On or around July 15, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $399,600.00. *Id.*

269. On or around July 19, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $8,000.00. *Id.*

270. On or around July 20, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,400.00. *Id.*

271. On or around July 21, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,500.00. *Id.*

272. On or around July 22, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $43,500.00. *Id.*

273. On or around July 27, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,000.00. *Id.*

274. On or around July 28, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $139,000.00. *Id.*

275. On or around July 29, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of

Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $422,000.00. *Id.*

276. On or around August 4, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $12,200. *Id.*

277. On or around August 5, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $137,000.00. *Id.*

278. On or around August 10, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $15,800.00. *Id.*

279. On or around August 12, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $900,000.00. *Id.*

280. On or around August 12, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $28,600.00. *Id.*

281. On or around August 13, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $14,400.00. *Id.*

282. On or around August 16, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $7,900.00. *Id.*

283. On or around August 17, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $5,800.00. *Id.*

284. On or around August 19, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $591,300.00. *Id.*

285. On or around August 19, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $244,000.00. *Id.*

286. On or around August 20, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $254,800.00. *Id.*

287. On or around August 23, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $3,900.00. *Id.*

288. On or around August 24, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $6,000.00. *Id.*

289. On or around August 25, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $18,700.00. *Id.*

290. On or around August 26, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $145,000.00. *Id.*

291. On or around August 27, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $7,600.00. *Id.*

292. On or around August 30, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $140,000.00. *Id.*

293. On or around August 31, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $5,600.00. *Id.*

294. On or around September 1, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,400.00. *Id.*

295. On or around September 2, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $360,000.00. *Id.*

296. On or around September 3, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $10,300.00. *Id.*

297. On or around September 7, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $8,700.00. *Id.*

298. On or around September 9, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $282,000.00. *Id.*

299. On or around September 10, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $3,600.00. *Id.*

300. On or around September 13, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $10,500.00. *Id.*

301. On or around September 15, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $3,400.00. *Id.*

302. On or around September 16, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $436,100.00. *Id.*

303. On or around September 17, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,500.00. *Id.*

304. On or around September 20, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,800.00. *Id.*

305. On or around September 21, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $7,900.00. *Id.*

306. On or around September 22, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $7,300.00. *Id.*

307. On or around September 23, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $231,000.00. *Id.*

308. On or around September 24, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $18,000.00. *Id.*

309. On or around September 27, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $22,800.00. *Id.*

310. On or around September 29, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $14,000.00. *Id.*

311. On or around September 30, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $39,300.00. *Id.*

312. On or around October 1, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $3,800.00. *Id.*

313. On or around October 4, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $10,700.00. *Id.*

314. On or around October 5, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $3,700.00. *Id.*

315. On or around October 6, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $10,500.00. *Id.*

316. On or around October 7, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $70,800.00. *Id.*

317. On or around October 8, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $200.00. *Id.*

318. On or around October 12, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $3,300.00. *Id.*

319. On or around October 13, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,200.00. *Id.*

320. On or around October 14, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $388,600.00. *Id.*

321. On or around October 15, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $5,200.00. *Id.*

322. On or around October 18, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $14,000.00. *Id.*

323. On or around October 19, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $3,800.00. *Id.*

324. On or around October 20, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,800.00. *Id.*

325. On or around October 21, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $274,800.00. *Id.*

326. On or around October 22, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $2,400.00. *Id.*

327. On or around October 25, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $5,200.00. *Id.*

328. On or around October 26, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $10,700.00. *Id.*

329. On or around October 27, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $3,700.00. *Id.*

330. On or around October 29, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $13,100.00. *Id.*

331. On or around November 1, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $2,800.00. *Id.*

332. On or around November 3, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,800.00. *Id.*

333. On or around November 4, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $20,000.00. *Id.*

334. On or around November 5, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $204,000.00. *Id.*

335. On or around November 5, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $600.00. *Id.*

336. On or around November 8, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $5,800.00. *Id.*

337. On or around November 9, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $3,700.00. *Id.*

338. On or around November 10, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $12,700.00. *Id.*

339. On or around November 12, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $17,000.00. *Id.*

340. On or around November 16, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $11,500.00. *Id.*

341. On or around November 17, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $5,500.00. *Id.*

342. On or around November 19, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $7,400.00. *Id.*

343. On or around November 22, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $2,600.00. *Id.*

344. On or around November 23, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,300.00. *Id.*

345. On or around November 24, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $377,000.00. *Id.*

346. On or around November 24, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $12,900.00. *Id.*

347. On or around November 26, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $12,700.00. *Id.*

348. On or around December 1, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $26,900.00. *Id.*

349. On or around December 2, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $360,300.00. *Id.*

350. On or around December 3, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $21,100.00. *Id.*

351. On or around December 6, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,700.00. *Id.*

352. On or around December 7, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $3,400.00. *Id.*

353. On or around December 8, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $7,300.00. *Id.*

354. On or around December 9, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $419,000.00. *Id.*

355. On or around December 10, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,200.00. *Id.*

356. On or around December 10, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $400.00. *Id.*

357. On or around December 13, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $9,800.00. *Id.*

358. On or around December 14, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,900.00. *Id.*

359. On or around December 15, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,100.00. *Id.*

360. On or around December 16, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $6,000.00. *Id.*

361. On or around December 16, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $2,800.00. *Id.*

362. On or around December 17, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $300.00. *Id.*

363. On or around December 20, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $23,600.00. *Id.*

364. On or around December 21, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,500.00. *Id.*

365. On or around December 21, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $900.00. *Id.*

366. On or around December 22, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $5,200.00. *Id.*

367. On or around December 24, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $8,700.00. *Id.*

368. On or around December 27, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,700.00. *Id.*

369. On or around December 28, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $700.00. *Id.*

370. On or around December 29, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $10,300.00. *Id.*

371. On or around December 30, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $419,200.00. *Id.*

372. On or around December 31, 2021, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $2,900.00. *Id.*

373. On or around January 3, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $6,300.00. *Exhibit 19.*

374. On or around January 5, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $11,900.00. *Id.*

375. On or around January 6, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $363,300.00. *Id.*

376. On or around January 7, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,200.00. *Id.*

377. On or around January 10, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,000.00. *Id.*

378. On or around January 11, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $3,900.00. *Id.*

379. On or around January 11, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $2,200.00. *Id.*

380. . On or around January 12, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,000.00. *Id.*

381. On or around January 13, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $671,000.00. *Id.*

382. On or around January 14, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $5,600.00. *Id.*

383. On or around January 18, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $9,600.00. *Id.*

384. On or around January 20, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $650,200.00. *Id.*

385. On or around January 21, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $17,500.00. *Id.*

386. On or around January 24, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $11,600.00. *Id.*

387. On or around January 25, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $2,900.00. *Id.*

388. On or around January 27, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $483,100.00. *Id.*

389. On or around January 28, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $6,800.00. *Id.*

390. On or around January 31, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $3,800.00. *Id.*

391. On or around February 1, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $13,500.00. *Id.*

392. On or around February 3, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $196,300.00. *Id.*

393. On or around February 4, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $5,900.00. *Id.*

394. On or around February 7, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $10,100.00. *Id.*

395. On or around February 8, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $1,400.00. *Id.*

396. On or around February 9, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $7,200.00. *Id.*

397. On or around February 10, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $251,100.00. *Id.*

398. On or around February 14, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $18,400.00. *Id.*

399. On or around February 15, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $2,300.00. *Id.*

400. On or around February 16, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $16,200.00. *Id.*

401. On or around February 22, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to AH's account no. xxxx1813 in the amount of $6,300.00. *Id.*

402. On or around February 24, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $145,000.00. *Id.*

403. On or around February 28, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $100.00. *Id.*

404. On or around March 4, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $100.00. *Id.*

405. On or around March 11, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $4,600.00. *Id.*

406. On or around March 14, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $600.00. *Id.*

407. On or around March 18, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $100.00. *Id.*

408. On or around March 24, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $100,000.00. *Id.*

409. On or around April 1, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $60,000.00. *Id.*

410. On or around April 1, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $50,000.00. *Id.*

411. On or around April 7, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $300,000.00. *Id.*

412. On or around April 8, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $100,000.00. *Id.*

413. On or around April 14, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $50,000.00. *Id.*

414. On or around April 14, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $150,000.00. *Id.*

415. On or around April 14, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $150,000.00. *Id.*

416. On or around April 27, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $200,000.00. *Id.*

417. On or around April 29, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $20,000.00. *Id.*

418. On or around April 29, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of

Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $50,000.00. *Id.*

419. On or around April 29, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $174,000.00. *Id.*

420. On or around May 2, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $70,000.00. *Id.*

421. On or around May 2, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $11,000.00. *Id.*

422. On or around May 3, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $75,000.00. *Id.*

423. On or around May 9, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $550,000.00. *Id.*

424. On or around May 13, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $400,000.00. *Id.*

425. On or around May 19, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $200,000.00. *Id.*

426. On or around May 25, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $150,000.00. *Id.*

427. On or around June 2, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $100,000.00. *Id.*

428. On or around June 8, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $100,000.00. *Id.*

429. On or around June 10, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of

Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $75,000.00. *Id.*

430. On or around June 15, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $350,000.00. *Id.*

431. On or around June 16, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $200,000.00. *Id.*

432. On or around June 21, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $150,000.00. *Id.*

433. On or around July 7, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $100,000.00. *Id.*

434. On or around July 14, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $200,000.00. *Id.*

435. On or around July 20, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $200,000.00. *Id.*

436. On or around July 26, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $100,000.00. *Id.*

437. On or around August 10, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $250,000.00. *Id.*

438. On or around August 25, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $500,000.00. *Id.*

439. On or around August 31, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $350,000.00. *Id.*

440. On or around August 31, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $100,000.00. *Id.*

441. On or around September 9, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $300,000.00. *Id.*

442. On or around September 15, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $130,000.00. *Id.*

443. On or around September 30, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $200,000.00. *Id.*

444. On or around October 7, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $350,000.00. *Id.*

445. On or around October 14, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $150,000.00. *Id.*

446. On or around October 21, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $113,000.00. *Id.*

447. On or around October 21, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $113,000.00. *Id.*

448. On or around November 1, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $120,000.00. *Id.*

449. On or around November 4, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $75,000.00. *Id.*

450. On or around November 10, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $250,000.00. *Id.*

451. On or around November 10, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $100,000.00. *Id.*

452. On or around November 23, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $150,000.00. *Id.*

453. On or around November 30, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $50,000.00. *Id.*

454. On or around November 30, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $450,000.00. *Id.*

455. On or around December 20, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $150,000.00. *Id.*

456. On or around December 22, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $1,264,070.00. *Id.*

457. On or around December 28, 2022, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $100,000.00. *Id.*

458. On or around January 3, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $175,000.00. *Exhibit 21.*

459. On or around January 5, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $100,000.00. *Id.*

460. On or around January 10, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $200,000.00. *Id.*

461. On or around January 13, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $190,000.00. *Id.*

///

462. On or around January 26, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $150,000.00. *Id.*

463. On or around February 1, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $150,000.00. *Id.*

464. On or around February 13, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $125,000.00. *Id.*

465. On or around February 27, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $120,000.00. *Id.*

466. On or around March 2, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $30,000.00. *Id.*

467. On or around March 13, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out

of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $75,000.00. *Id.*

468. On or around March 16, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $220,000.00. *Id.*

469. On or around March 22, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $200,000.00. *Id.*

470. On or around March 27, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $150,000.00. *Id.*

471. On or around March 31, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $140,000.00. *Id.*

472. On or around April 11, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $150,000.00. *Id.*

473. On or around April 14, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $500,000.00. *Id.*

474. On or around April 14, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $100,000.00. *Id.*

475. On or around April 24, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $50,000.00. *Id.*

476. On or around April 28, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $400,000.00. *Id.*

477. On or around April 28, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $65,000.00. *Id.*

478. On or around April 28, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of

Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $13,000.00. *Id.*

479. On or around May 15, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $210,000.00. *Id.*

480. On or around May 16, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $100,000.00. *Id.*

481. On or around May 24, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $100,000.00. *Id.*

482. On or around May 31, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $300,000.00. *Id.*

483. On or around June 1, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $150,000.00. *Id.*

484. On or around June 9, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $155,000.00. *Id.*

485. On or around June 14, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $85,000.00. *Id.*

486. On or around June 15, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $100,000.00. *Id.*

487. On or around July 3, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $130,000.00. *Id.*

488. On or around July 6, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $4,754.00. *Id.*

489. On or around July 6, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of

Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $70.00. *Id.*

490. On or around July 7, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $136,200.00. *Id.*

491. On or around July 7, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $13,800.00. *Id.*

492. On or around July 10, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $270,000.00. *Id.*

493. On or around July 13, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $60,000.00. *Id.*

494. On or around July 14, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1362 in the amount of $15,000.00. *Id.*

495. On or around July 17, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to CHH's account no. xxxx1389 in the amount of $200,000.00. *Id.*

496. On or around July 17, 2023, Defendant CHH, through Defendants Jamin and, upon information and belief, Brian Friedberg, initiated an online transfer out of Atlantic Companies' PNC Core Commercial Checking Account, account no. xxx2605, to Charis F.'s account no. xxxx1805 in the amount of $200,000.00. *Id.*

497. Upon information and belief, all of the above online transfers were made to insider organizations of the Ruark Parties.

498. Upon information and belief, all of the above online transfers were not legitimate business expenses of Atlantic Companies.

499. Defendant Jamin did not have authorization to make distributions from Atlantic Companies to any member without the consent of a Majority-in-Interest of Atlantic Companies' membership interests. *Exhibit 1* at § 4.5, p. 12.

500. It was unlawful for Defendant Jamin to make any distributions to any purported member of Atlantic Companies when Atlantic Companies were unable to pay its debts. A.R.S. § 29-3405.

501. Transferring tens of millions of dollars out of Atlantic Companies' bank accounts to accounts owned or controlled by Ruark Parties' insider organizations is an act outside of the scope of Atlantic Companies' purpose.

///

502. Defendant Jamin was required to obtain the consent of all members of Atlantic Companies before transferring significant amounts of funds out of the Atlantic Companies' bank accounts to Ruark Parties' insider organizations—transfers which left Atlantic Companies without the ability to pay its debts—specifically payroll and withholding taxes. A.R.S. § 29-3407(C)(4)(a).

503. The act of transferring tens of millions of dollars out of Atlantic Companies, preventing them from paying payroll and withholding taxes, and into the accounts for Ruark Parties' insiders over at least two and a half years is a pattern of racketeering activity. 18 U.S.C. § 1961(5).

504. Defendants CHH, Charis F., and AH are all enterprises run and managed by the Ruark Parties who have caused significant injury to Plaintiffs through a pattern and practice of wire fraud, a racketeering activity.

505. Defendant Brian Friedberg was the CFO of the Haven Companies, including Atlantic Companies, and acted in concert with Defendant Jamin to effectuate the tens of millions of dollars of wire fraud described in paragraphs 180-496.

506. Defendants CHH, Charis F., and AH all conspired with Jamin to commit wire fraud and reaped the benefits as the entities who received the tens of millions of dollars swept from the Atlantic Companies' bank accounts.

507. Defendants Kevin, Janice Ruark, Matthew Saagman, Breanna Saagman, are all members, managers, or directors of the entities who received the millions of dollars swept from Atlantic Companies' accounts illegally and acted in concert to facilitate the extensive wire fraud described in paragraphs 174-496 above.

508. Plaintiffs reserve the right to amend this Complaint to include additional illegal online wire transfers as adduced during discovery.

*Acts of Bank Fraud*

509. Defendants Kevin, Jamin, Matthew Saagman, Charis F., and CHH engaged in a scheme to obtain monies under the custody and control of PNC Bank, a financial institution, by means of false or fraudulent pretenses or representations.

510. Upon information and belief, PNC Bank is a member of The PNC Financial Services Group, Inc. which is a member of the FDIC program.

511. Atlantic Companies had an account with PNC Bank for the purpose of managing its day-to-day activities such as receiving earned income, paying payroll and payroll taxes, and other legitimate business expenses.

512. Defendant Jamin used his position as Manager/President of Atlantic Companies and the authorized user of the Atlantic Companies PNC bank account to fraudulently sweep funds out of the Atlantic Companies' bank account and into the bank accounts of other insider entities.

513. In many instances, the siphoning of monies from Atlantic Companies' PNC bank account left Atlantic Companies with insufficient funds to pay its day-to-day expenses.

514. Atlantic Companies' PNC bank account, account number xxxx2605, was under the custody and control of PNC Bank.

515. Each transaction described above at paragraphs 180-496 is a separate act of bank fraud.

516. The activities engaged in occurred many times each month spanning over approximately two and a half years and is a pattern and course of conduct.

517. In many instances, the amount swept out of Atlantic Companies' PNC bank account matches closely to a deposit received from the Energy Employees Occupational Illness Compensation Program ("EEOICPA") (shown on the statement as "Corporate ACH Eeoi Treas 310 626191000161500") or from another federal health care payment program (shown on the statement as "Corporate ACH Hcclaimpmt National Governm 037254").

518. Defendant Brian Friedberg was the CFO of the Haven Companies, including Atlantic Companies, and acted in concert with Defendant Jamin to effectuate the tens of millions of dollars of bank fraud described in paragraphs 180-496.

519. Defendants CHH, Charis F., and AH all conspired with Jamin to commit bank fraud and reaped the benefits as the entities who received the tens of millions of dollars swept from the Atlantic Companies' bank accounts.

520. Defendants Kevin, Janice Ruark, Matthew Saagman, Breanna Saagman are all members, managers, or directors of the entities who received the millions of dollars swept from Atlantic Companies' accounts illegally and acted in concert to facilitate the extensive bank fraud described in paragraphs 180-496 above.

521. Defendant Lauren Ratiani benefitted from and ratified the conduct of Defendant Jamin and, therefore, the community is liable for the conduct of Defendant Jamin.

///

*Injuries Sustained as a Result of Significant Wire and Bank Fraud Activity*

522. As a result of the extensive wire and bank fraud engaged in by the Defendants, Atlantic Companies have lost tens of millions of dollars that would have been used to pay necessary day-to-day and legitimate business expenses.

523. As a result of the extensive wire and bank fraud engaged in by the Defendants, Atlantic Companies incurred more than $15,000,000.00 in payroll tax liabilities to the IRS and various state taxing authorities.

524. As a result of the extensive wire and bank fraud engaged in by the Defendants, Plaintiff Tjalas has had tax liens placed on his personal property and Plaintiffs ANM, ANHC and Tjalas have suffered significant tax liabilities and potential criminal liabilities.

525. As a result of the extensive wire and bank fraud engaged in by the Defendants, Plaintiff ANM/ANHC has been deprived of its rightful profit distributions.

526. As a result of the extensive wire and bank fraud engaged in by the Defendants, Atlantic Companies, upon information and belief, is in default of the DOJ Settlement and the payments due will be accelerated and become immediately due and payable.

527. Atlantic Companies have been left with no assets sufficient to satisfy the DOJ Settlement should the DOJ choose to accelerate the payments under the DOJ Settlement.

528. As a result of the fraudulent electronic filing with the Arizona Corporation Commission performed by Defendant Kristi Jackson, upon information

and belief, at the instruction of Defendant Jamin, Plaintiff ANM has suffered the injury of losing its legal membership interest in AHHC 1.

529. Plaintiffs are entitled to recover treble damages and their attorneys' fees and costs pursuant to 18 U.S.C. § 1964(c).

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. Judgment to be entered against the Defendants in an amount to be determined at trial;

B. Treble damages pursuant to 18 U.S.C. § 1964(c);

C. Attorneys' fees and costs pursuant to 18 U.S.C. § 1964(c);

D. Ordering that Defendants CHH and Jamin divest themselves of any interest, direct or indirect, in Atlantic Companies pursuant to 18 U.S.C. § 1964(a);

E. Prohibiting the Defendants from engaging in the same types of enterprise as Atlantic Companies pursuant to 18 U.S.C. § 1964(a);

F. Ordering a reorganization of Atlantic Companies requiring that the Defendants be responsible for all liabilities set forth in the DOJ settlement, and any and all other debts, tax liabilities, and other liabilities of Atlantic Companies relieving Atlantic Companies, Tjalas, ANHC, and ANM from any suffering as a result of the extensive wire and bank fraud perpetrated by the Defendants pursuant to 18 U.S.C. § 1964(a);

G. Any other Orders the Court deems just and equitable.

///

///

**COUNT II**
**Civil Racketeering A.R.S. § 13-2314.04**
**(All Plaintiffs Against Defendants Jamin, Lauren Ratiani, Kevin, Janice Ruark, Matthew Saagman, Breeana Saagman, Brian Friedberg, EEOI, HHMI, CHH, Charis F., AH)**

530. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

531. A person who sustains reasonably foreseeable injury to his person, business, or property by a pattern of racketeering activity has standing to bring a racketeering claim under A.R.S. § 13-2314.04.

532. The predicate acts for Plaintiffs' civil racketeering claim are theft (A.R.S. § 13-1802) and a scheme or artifice to defraud (A.R.S. § 13-2310).

533. In Arizona, a person commits theft if, without lawful authority, the person knowingly controls the property of another with the intent to deprive; converts for an unauthorized term or uses services or property of another entrusted to the defendant or placed in the defendant's possession for a limited, authorized term or use; or obtains property of another by means of any material misrepresentation with intent to deprive the other person of such property. A.R.S. § 13-1802(A).

534. Theft of $25,000 or more is a class 2 felony. A.R.S. § 13-1802(G).

535. It is a class 2 felony in Arizona to, pursuant to a scheme or artifice to defraud, knowingly obtain any benefit by means of false or fraudulent pretenses, representations, promises, or material omissions. A.R.S. § 13-2310; *State v. Griffin,* 250 Ariz. 651 (App. 2021).

///

536. As described in paragraphs 180-496 above, Defendants, without authority, obtained tens of millions of dollars in benefits through two and a half years of fraudulently sweeping funds from the Atlantic Companies' PNC bank account in order to benefit insider organizations belonging to the Ruark Parties.

537. Defendant Brian Friedberg was the CFO of the Haven Companies, including Atlantic Companies, and acted in concert with Defendant Jamin to effectuate the tens of millions of dollars of theft described in paragraphs 180-496.

538. Defendants CHH, Charis F., and AH all conspired with Jamin to commit theft and reaped the benefits as the entities who received the tens of millions of dollars swept from the Atlantic Companies' bank accounts.

539. Defendants Kevin, Janice Ruark, Matthew Saagman, Breanna Saagman, are all members, managers, or directors of the entities who received the millions of dollars swept from Atlantic Companies' accounts illegally and acted in concert to facilitate the extensive theft described in paragraphs 180-496 above.

540. Defendants Lauren Ratiani, Brian Friedberg, Kevin, Janice Ruark, Matthew Saagman, Breanna Saagman, CHH, Charis F., and AH all ratified or recklessly tolerated the unlawful conduct engaged in by Jamin as Manager/President of Atlantic Companies.

541. As a result of the extensive theft and scheme to defraud engaged in by the Defendants, Atlantic Companies lost the use of tens of millions of dollars to pay for its day-to-day expenses and other legitimate expenses.

///

542. As a result of the extensive theft and scheme to defraud engaged in by the Defendants, Atlantic Companies, upon information and belief, is in default of the DOJ Settlement and the payments due will be accelerated and become immediately due and payable.

543. Atlantic Companies have been left with no assets sufficient to satisfy the DOJ Settlement should the DOJ choose to accelerate the payments under the DOJ Settlement.

544. As a result of the extensive theft and scheme to defraud engaged in by the Defendants, Atlantic Companies incurred approximately $15,000,000.00 in payroll tax liabilities to the IRS and various state taxing authorities.

545. As a result of the extensive theft and scheme to defraud engaged in by the Defendants, Plaintiff Tjalas has had tax liens placed on his personal property and Plaintiffs ANM, ANHC and Tjalas have suffered significant tax liabilities and potential criminal liabilities.

546. As a result of the extensive theft and scheme to defraud engaged in by the Defendants, Plaintiff ANM/ANHC has been deprived its rightful profit distributions.

547. Plaintiffs are entitled to recover treble damages and their attorneys' fees and costs pursuant to A.R.S. § 13-2314.04(A).

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. Judgment to be entered against Defendants Jamin, Lauren Ratiani, Kevin, Janice Ruark, Matthew Saagman, Breeana Saagman, Brian Friedberg, EEOI, HHMI, CHH, Charis F., AH in an amount to be determined at trial;

B. Treble damages pursuant to A.R.S. § 12-2314.04 (D)(4);

C. Ordering that Defendants CHH and Jamin divest themselves of any interest, direct or indirect, in Atlantic Companies pursuant to A.R.S. § 12-2314.041(D)(1);

D. Prohibiting Defendants Jamin, Lauren Ratiani, Kevin, Janice Ruark, Matthew Saagman, Breeana Saagman, Brian Friedberg, EEOI, HHMI, CHH, Charis F., AH from engaging in the same types of enterprise as Atlantic Companies pursuant to A.R.S. § 12-2314.04(D)(2);

E. Ordering a reorganization of Atlantic Companies requiring that Defendants Jamin, Lauren Ratiani, Kevin, Janice Ruark, Matthew Saagman, Breeana Saagman, Brian Friedberg, EEOI, HHMI, CHH, Charis F., AH be responsible for all liabilities set forth in the DOJ settlement, and any and all other debts, tax liabilities, and other liabilities of Atlantic Companies, relieving Plaintiffs from any suffering as a result of the extensive wire and bank fraud perpetrated by the Defendants pursuant to A.R.S. § 12-2314.04(D)(3);

F. Prejudgment interest on damages other than the treble damages award pursuant to A.R.S. § 12-2314.04(D)(5);

G. Post Judgment interest pursuant to A.R.S. § 44-1201(B);

H. Ordering that all funds swept out of the Atlantic Companies' bank accounts be held in constructive trust and ordering that all Defendants are involuntary trustees over all funds swept out of Atlantic Companies' bank accounts and into the accounts of Defendants for the benefit of Atlantic Companies, Tjalas, ANHC, and ANM pursuant to A.R.S. § 12-2314(D)(6);

I. Any other Orders the Court deems just and equitable.

**COUNT III**
**Fraudulent Misrepresentation**
**(Plaintiffs ANM, ANHC and Tjalas against Defendants Jamin, Lauren Ratiani and HHMI)**

548. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

549. Defendant HHMI, through its principal Jamin, made representations to Plaintiffs ANM, ANHC, and Tjalas about the viability of Plaintiff Atlantic Companies as well as the abilities of Jamin to run and manage a multi-million-dollar business.

550. Defendants HHMI and Jamin failed to disclose that Jamin and his and his family's other entities suffered from severe tax liabilities.

551. Had Plaintiffs ANM, ANHC, and Tjalas known that the Ruark Parties have a pattern and history of incurring significant tax liabilities for the entities that they owned, ANM, ANHC, and Tjalas would not have bought into Atlantic Companies and would not have gone into business with any of the Defendants.

552. Defendants HHMI and Jamin knew that they withheld material information from ANM, ANHC, and Tjalas in entering a partnership with them.

553. Defendants HHMI and Jamin knew that the statements they made about their ability to manage and run multi-million-dollar organizations were false.

///

///

///

554. When Plaintiffs ANM, ANHC, and Tjalas first learned that Plaintiff Atlantic Companies owed tax liability, Tjalas reached out to Defendant Jamin to seek an explanation as to how Atlantic Companies could have possibly not paid payroll taxes.

555. Defendant Jamin provided Tjalas with a false explanation that Atlantic Companies did not have sufficient income to make the payroll tax payments.

556. Defendant Jamin failed to notify Plaintiff Tjalas that he, as Manager/President of Atlantic Companies, had swept tens of millions of dollars each year from the Atlantic Companies' PNC bank account (see paragraphs 180-496 above for detail of the theft) into the account of his insider organizations preventing Atlantic Companies from having sufficient funds to pay the necessary payroll taxes.

557. Defendants HHMI and Jamin intended ANM, ANHC, and Tjalas to rely on their false statements and material omissions.

558. Plaintiffs ANM, ANHC, and Tjalas were unaware of the false statements and material omissions at the time of entering into business with Defendants.

559. After Defendant Jamin provided a false explanation as to why Atlantic Companies had such significant tax liabilities, Plaintiff Tjalas believed Jamin's explanation and had no reason to doubt it.

560. Had Plaintiffs ANM, ANHC, and Tjalas known that the real reason Atlantic Companies did not pay its payroll tax liabilities was because Defendant Jamin was sweeping hundreds of thousands of dollars up to over a million dollars each month into the bank accounts of his insider organizations, Plaintiff Tjalas would have

demanded immediate access and control of the bank accounts and demanded that Defendant Jamin be immediately removed as the Manager/President for Atlantic Companies.

561. Plaintiffs ANM, ANHC, and Tjalas relied on the truth of the statements made by Defendants HHMI and Jamin.

562. Plaintiffs ANM, ANHC, and Tjalas had a right to rely on the statements made by Defendants HHMI and Jamin.

563. As a result of HHMI and Jamin's false statements and material omissions, Plaintiffs ANM, ANHC, and Tjalas have suffered significant injuries including incurring significant tax liabilities, tax liens on personal property, and an inability to collect distributions owed.

564. HHMI and Jamin's false statements and material omissions are the proximate cause of Plaintiff ANM's injuries.

565. Defendant Lauren Ratiani benefited from Jamin's false statements and material omissions and, therefore, the community is liable for Jamin's conduct.

566. Plaintiffs ANM, ANHC, and Tjalas are entitled to an award in an amount to be determined at trial.

567. The misrepresentations arise out of the Atlantic Companies' Operating Agreement, a contract, and therefore Plaintiffs ANM, ANHC, and Tjalas are entitled to recover their costs and reasonable attorney's fees pursuant to A.R.S. §§ 12-341 and 12-341.01.

///

568. The Defendants' actions were outrageous, criminal, performed knowingly and with an evil mind and, therefore, Plaintiffs are entitled to punitive damages.

**WHEREFORE,** Plaintiffs Tjalas, ANHC, and ANM pray for relief as follows:

A. Judgment to be entered against Defendants Jamin, Lauren Ratiani, and HHMI in an amount to be determined at trial;

B. An award of punitive damages in an amount to be determined at trial;

C. Plaintiffs' attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

D. Post Judgment interest pursuant to A.R.S. § 44-1201(B);

E. Any other Orders the Court deems just and equitable.

**COUNT IV**
**Negligent Misrepresentation**
**(Plaintiffs ANM, ANHC, and Tjalas against Defendants Jamin, Lauren Ratiani, and HHMI)**

569. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

570. Defendant HHMI, through its principal Jamin, made false representations to Plaintiffs ANM, ANHC, and Tjalas about the viability of Plaintiff Atlantic Companies as well as the abilities of Jamin to run and manage a multi-million-dollar business.

571. Defendants HHMI and Jamin failed to disclose that Jamin and his and his family's other entities suffered from severe tax liabilities.

///

572. Had Plaintiffs ANM, ANHC, and Tjalas known that the Ruark Parties have a pattern and history of incurring significant tax liabilities for the entities that they owned, ANM, ANHC, and Tjalas would not have bought into Atlantic Companies and would not have gone into business with any of the Defendants.

573. Defendants HHMI and Jamin knew that they withheld material information from ANM, ANHC, and Tjalas in entering a partnership with them.

574. Defendants HHMI and Jamin knew that the statements they made about their ability to manage and run multi-million-dollar organizations were false.

575. When Plaintiffs ANM, ANHC, and Tjalas first learned that Plaintiff Atlantic Companies owed tax liability, Tjalas reached out to Defendant Jamin to seek an explanation as to how Atlantic Companies could have possibly not paid payroll taxes.

576. Defendant Jamin, as the sole member of HHMI, provided Tjalas with a false explanation that Atlantic Companies did not have sufficient income to make the payroll tax payments.

577. Defendant Jamin failed to notify Plaintiff Tjalas that he, as Manager/President of Atlantic Companies, had swept tens of millions of dollars each year from the Atlantic Companies' PNC bank account (see paragraphs 180-496 above for detail of the theft) into the account of his insider organizations preventing Atlantic Companies from having sufficient funds to pay the necessary payroll taxes.

///

///

578. Defendants HHMI and Jamin intended ANM, ANHC, and Tjalas to rely, or knew that they would reasonably rely, upon the false statements and material omissions.

579. Plaintiffs ANM, ANHC, and Tjalas were unaware of the false statements and material omissions at the time of entering into business with Defendants.

580. After Defendant Jamin provided a false explanation as to why Atlantic Companies had such significant tax liabilities, Plaintiff Tjalas believed Jamin's explanation and had no reason to doubt it.

581. Had Plaintiffs ANM, ANHC, and Tjalas known that the real reason Atlantic Companies did not pay its payroll tax liabilities was because Defendant Jamin was sweeping hundreds of thousands of dollars up to over a million dollars each month into the bank accounts of his insider organizations, Plaintiff Tjalas would have demanded immediate access and control of the bank accounts and demanded that Defendant Jamin be immediately removed as the Manager/President for Atlantic Companies.

582. Defendants HHMI and Jamin failed to exercise reasonable care in obtaining or communicating the information to ANM, ANHC, and Tjalas.

583. Defendant Lauren Ratiani benefited from Jamin's negligent misrepresentation and, therefore, the community is liable for Jamin's conduct.

584. Plaintiffs ANM, ANHC, and Tjalas justifiably relied on the truth of the statements made by Defendants HHMI and Jamin.

///

585. Plaintiffs ANM, ANHC, and Tjalas had a right to rely on the statements made by Defendants HHMI and Jamin.

586. As a result of HHMI and Jamin's false statements and material omissions, Plaintiffs ANM, ANHC, and Tjalas have suffered significant injuries including incurring significant tax liabilities, tax liens on personal property, and an inability to collect distributions owed.

587. HHMI and Jamin's false statements and material omissions are the proximate cause of Plaintiffs' injuries.

588. Plaintiffs ANM, ANHC, and Tjalas are entitled to an award of their injuries in an amount to be determined at trial.

589. The misrepresentations arise out of the Atlantic Companies' Operating Agreement, a contract, and therefore Plaintiffs ANM, ANHC, and Tjalas are entitled to recover their costs and reasonable attorney's fees pursuant to A.R.S. §§ 12-341 and 12-341.01.

590. The Defendants' conduct was performed with a conscious and deliberate disregard for the interests of others, created a substantial risk of tremendous harm, and was outrageous, oppressive, or intolerable. Therefore, Plaintiffs are entitled to an award of punitive damages.

**WHEREFORE,** Plaintiffs Tjalas, ANHC, and ANM pray for relief as follows:

A. Judgment to be entered against Defendants Jamin, Lauren Ratiani, and HHMI in an amount to be determined at trial;

B. An award of punitive damages in an amount to be determined at trial;

C. Plaintiffs' attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

D. Post Judgment interest pursuant to A.R.S. § 44-1201(B);

E. Any other Orders the Court deems just and equitable.

**COUNT V**
**Breach of Contract**
**(All Plaintiffs against Defendants Jamin, Lauren Ratiani, HHMI, and CHH)**

591. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

592. Plaintiffs ANM and Tjalas entered into an Operating Agreement with Defendant HHMI on or around July 1, 2017 regarding the operation of Atlantic Companies. *Exhibit 1.*

593. Plaintiffs ANM and Tjalas entered into an Addendum to the Operating Agreement with Defendants HHMI and Jamin on or around April 1, 2018. *Exhibit 3.*

594. As explained above in paragraphs 52-87, if AHHC 1 truly terminated operations in September 2017, then the Addendum to the Operating Agreement must relate to AHHC 2.

595. On or around November 1, 2018, Plaintiff ANM, through its principal Tjalas, entered into a Second Amendment to Revised and Restated Operating Agreement with Defendant HHMI, through its principal Jamin. *Exhibit 4.*

///

///

596. As explained above in paragraphs 52-87, if AHHC 1 truly terminated operations in September 2017, then the Second Amendment to Revised and Restated Operating Agreement relate to AHHC 2.

597. The November Second Amendment to Revised and Restated Operating Agreement ratified the January Addendum to the Operating Agreement. *Id.* at p. 1 ¶ B.

598. On or around May 27, 2021, Defendant Kristi Jackson, filed an Amendment with the Arizona Corporation Commission removing Plaintiff ANM's and ANHC's interest in AHHC 1 entirely and transferring 100% of ANM's, ANHC's, and HHMI's interest to CHH; an insider organization to AHHC 1's manager, Jamin. *Exhibit 15.*

599. Section 9.1(c) of the Operating Agreement prohibits the transfer of "all or any part of the Member's Interest . . . in [Atlantic Companies] without prior written notice to the Board of Managers and the prior written consent of a Majority-in-Interest." *Exhibit 1* at p. 23.

600. A Majority-in-Interest is defined as "any group of Members holding an aggregate of more than fifty percent (50%) of the Percentage Interests entitled to vote held by all Members, unless otherwise indicated. Percentage Interests not entitled to vote shall not be included hereunder." *Id.* at p. 4.

601. A Percentage Interest is defined as "the percentage interest set forth opposite that Member's name on **Exhibit A**." *Id.* at p. 5 (emphasis in original).

///

///

602. Plaintiff ANM's Percentage Interest, as set forth in Exhibit A to the Second Amendment to Revised and Restated Operating Agreement, is 50% as of April 1, 2018. *Exhibit 4* at p. 3.

603. Defendant HHMI's Percentage Interest, as set forth in Exhibit A to the Second Amendment to Revised and Restated Operating Agreement, is 50% as of April 1, 2018. *Id.*

604. Section 9.2(a) of the Operating Agreement states that Atlantic Companies "will not recognize for any purpose any purported Transfer of an Interest for any purpose unless the provisions of Section 9.1 have been complied with and to the Members, executed and acknowledged by both the Transferor Member and the purchaser, assignee, or transferee. . ." *Exhibit 1.* at p. 24.

605. Section 9.3(a) of the Operating Agreement provides that no Member has the right to substitute any person or entity in its place without the "*unanimous* consent of the Members, which consent will be granted or withheld in the sole and absolute discretion of the Members and may be arbitrarily withheld." *Id.* (emphasis added).

606. Neither HHMI nor Jamin obtained prior written approval from Plaintiff ANM or ANHC to remove ANM's/ANHC's interest in Atlantic Companies and transfer it to Defendant CHH.

607. The unilateral transfer of all ANM's/ANHC's membership interest in Atlantic Companies to CHH is a material breach of the Operating Agreement.

608. Defendants Jamin, HHMI, and CHH have been on notice of this breach since on or about September 11, 2023, and they have failed to remedy the breach.

609. As described in paragraphs 180-496 above, Defendants Jamin, HHMI and CHH have swept tens of millions of dollars from the bank accounts of Atlantic Companies over the course of two and a half years without any notice to Plaintiffs and without consent.

610. As a result of the sweeping of tens of millions of dollars, Defendants Jamin, HHMI, and CHH have caused tens of millions of dollars in payroll tax liabilities due and owing from Atlantic Companies and have eviscerated the ability of Plaintiff ANM/ANHC to collect any properly due distributions.

611. Section 4.4 of the Operating Agreement requires that the Manager, Jamin, must make a distribution to each member by March 31 of each year of forty percent of such Member's pro rata share of Atlantic Companies' taxable income from the previous taxable year. *Exhibit 1* at pp. 11-12.

612. Section 4.5 of the Operating Agreement states that "[o]ther than distributions described in Section 4.4, [Atlantic Companies] shall not distribute property of the Company without the consent of the Majority-in-Interest." *Id.* at p. 12.

613. The sweeping of funds was done to benefit insider organizations of Defendant Jamin and Defendant CHH directly.

614. All monies swept to CHH directly after May 27, 2021 are improper distributions.

615. The sweeping of funds to insider organizations is a material breach of the Operating Agreement.

///

616. Defendant Lauren Ratiani benefited from Jamin's breach and, therefore, the community is liable for Jamin's conduct.

617. As a result of the breaches engaged in by Defendants Jamin, HHMI, and CHH, Plaintiffs have suffered damages in an amount to be determined at trial.

618. Plaintiffs are entitled to an award of their costs and reasonable attorneys' fees pursuant to A.R.S. §§ 12-341 and 12-341.01 and Section 13.23 of the Operating Agreement (as modified in the Addendum to Operating Agreement and adopted and ratified by the Second Amendment to Revised and Restated Operating Agreement). *Exhibits 1, 3 and 4*.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. Judgment to be entered against Defendants Jamin, Lauren Ratiani, HHMI and CHH in an amount to be determined at trial;

B. Plaintiffs' attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

C. Pre and Post Judgment interest pursuant to A.R.S. § 44-1201(B);

D. Any other Orders the Court deems just and equitable.

**COUNT VI**
**Breach of the Covenant of Good Faith and Fair Dealing**
**(All Plaintiffs against all Defendants)**

619. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

620. Arizona law implies a covenant of good faith and fair dealing in every contract.

621. Defendants' actions of sweeping tens of millions of dollars from the Atlantic Companies' bank accounts into the accounts for insider organizations, improperly divesting ANM and ANHC of their membership interest in AHHC 1, failing to pay payroll tax liabilities of Atlantic Companies, and in improperly removing patients from Atlantic Companies to insider organizations prevented Plaintiffs from receiving benefits and entitlements to the various contracts identified in this Complaint.

622. As a result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered damages in an amount to be determined at trial.

623. Plaintiffs are entitled to an award of their attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. Judgment to be entered against all Defendants in an amount to be determined at trial;

B. Plaintiffs' attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

C. Pre and Post Judgment interest pursuant to A.R.S. § 44-1201(B);

D. Any other Orders the Court deems just and equitable.

**<u>COUNT VII</u>**
**Breach of Fiduciary Duty**
**(All Plaintiffs against Defendants Jamin and Lauren Ratiani)**

624. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

625. Under Section 6.13 of the Operating Agreement, Defendant Jamin, as Manager/President of Atlantic Companies, has a fiduciary duty to both Atlantic Companies and its members. *Exhibit 1.*

626. Defendant Jamin additionally owes a fiduciary duty to the members of Atlantic Companies pursuant to A.R.S. § 29-3409(I)-(K).

627. Plaintiff Tjalas was a member of Atlantic Companies along with ANM and/or ANHC from July 1, 2017 until on or about April 1, 2018.

628. Plaintiff ANM/ANMC is properly a member of AHHC 1 despite the false filing with the ACC perpetrated by Defendant Kristi Jackson under, upon information and belief, the instruction of Defendant Jamin.

629. Defendant Jamin breached his fiduciary duty by, *inter alia,* removing ANM and ANHC as Members, substituting CHH as the sole member, sweeping funds out of Atlantic Companies' PNC bank account to his insider organizations, and failing to pay state and federal payroll taxes.

630. Defendant Jamin additionally breached his fiduciary duty by failing to disclose his conflict of interest in siphoning off tens of millions of dollars to entities owned by him, his parents (Defendants Kevin and Janice Ruark), and his sister and brother-in-law (Defendants Breanna and Matthew Saagman).

631. Defendant Jamin has additionally breached his fiduciary duty by diverting opportunity and business away from Atlantic Companies into Haven EEOI and LTH, insider organizations. Attached at *Exhibit 24* is the census report from the Haven

///

entities showing that patients who were once patients of Atlantic Companies are now patients of Haven EEOI or LTH and incorporated by reference herein.[1]

632. Defendant Jamin has additionally breached his fiduciary duty by causing the false attribution of tax liability of the Atlantic Companies on Plaintiffs Tjalas, ANM, and ANHC.

633. If AHHC 2 is in fact a separate entity from AHHC 1, Defendant Jamin has additionally breached his fiduciary duty by transferring all of AHHC 1's business to AHHC 2.

634. On or about March 20, 2024, Plaintiffs sent a letter on behalf of Atlantic Companies demanding that the management of Atlantic Companies reinstate ANM as member of the company and to cease, desist, and correct the improper transfer of funds and diversion of new business away from Atlantic Companies. *Exhibit 25.*

635. To date, Defendants have failed to stop or correct the wrongs committed by Defendant Jamin as described in detail in this Complaint.

636. Defendant Lauren Ratiani benefited from Jamin's breach and, therefore, the community is liable for the conduct of Defendant Jamin.

637. As a result of the breach of fiduciary duty, Plaintiffs have suffered damages in an amount to be determined at trial.

638. Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

---

[1] Patient names and identifying information has been redacted to conform with HIPAA.

639. The Defendants actions were outrageous, criminal, performed knowingly and with an evil mind and, therefore, Plaintiffs are entitled to punitive damages.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. Judgment to be entered against Defendant Jamin and Lauren Ratiani in an amount to be determined at trial;

B. An award of punitive damages in an amount to be determined at trial;

C. Plaintiffs' attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

D. Post Judgment interest on compensatory damages pursuant to A.R.S. § 44-1201(B);

E. Any other Orders the Court deems just and equitable.

**COUNT VIII**
**Intentional Interference with Business Relations**
**(All Plaintiffs against Defendants Jamin, Lauren Ratiani, Kevin, HHMI, CHH, Haven EEOI, LTH)**

640. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

641. By improperly removing ANM's and ANHC's membership interest in AHHC 1, Defendants Jamin, HHMI and CHH have prevented ANM, ANHC, and Tjalas from realizing any of its distributions owed and its membership interest in Atlantic Companies.

///

///

642. Upon information and belief, Defendant CHH, through its principals Kevin and Jamin, has been diverting patients out of Atlantic Companies and into Defendant Haven EEOI and LTH. *See Exhibit 24.*

643. By doing so, Defendants have reduced the income capacity of Atlantic Companies, thereby reducing its ability to comply with the terms of the DOJ Settlement Agreement and any agreement entered with the IRS regarding non-payment of payroll taxes.

644. Additionally, diverting patients reduces the amount of income that can be realized by Plaintiffs ANM, ANHC, and Tjalas given their proper ownership interest in Atlantic Companies.

645. After years of siphoning off tens of millions of dollars and now diverting patients, it appears Defendants intend to cut Plaintiffs out of Atlantic Companies and their earning potential entirely.

646. Defendants conduct is intentional and meant to cause maximum damage to Plaintiffs.

647. Defendant Lauren Ratiani benefited from Jamin's conduct and, therefore, the community is liable for Defendant Jamin's conduct.

648. As a result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be determined at trial.

649. The intentional interference engaged in by Defendants arises out of the Operating Agreement and, therefore, Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

650. The Defendants actions were outrageous, criminal, performed knowingly and with an evil mind and, therefore, Plaintiffs are entitled to punitive damages.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. Judgment to be entered against Defendants Jamin, Lauren Ratiani, Kevin, HHMI, CHH, LTH, and Haven EEOI in an amount to be determined at trial;

B. An award of punitive damages to be determined at trial;

C. Plaintiffs' attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

D. Post Judgment interest on the compensatory damages award pursuant to A.R.S. § 44-1201(B);

E. Any other Orders the Court deems just and equitable.

**COUNT IX**
**Conversion/Misappropriation of Funds**
**(All Plaintiffs against Defendants Jamin, Lauren Ratiani, Kevin, CHH, Charis F., AH, Haven EEOI)**

651. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

652. As described in paragraphs 180-496 above, Defendants Jamin, CHH, Charis F., AH, engaged in a years' long practice of unlawfully sweeping monies out of the Atlantic Companies' bank account into the accounts of insider organizations.

653. By sweeping tens of millions of dollars out of Atlantic Companies' bank account, Defendants prevented Atlantic Companies from having access to those funds in order to pay its legitimate day-to-day expenses.

654. By sweeping tens of millions of dollars out of Atlantic Companies' bank account, Defendants caused Atlantic Companies to incur tens of millions of dollars in payroll tax and other liabilities.

655. By sweeping tens of millions of dollars out of Atlantic Companies' bank account, Defendants prevented Plaintiffs Tjalas, ANHC, and ANM from having access to distributions to which they are owed.

656. Defendants Jamin and CHH wrongfully removed Plaintiffs ANM and ANHC as members of AHHC 1 thereby asserting control over the property right of ANM and ANHC in AHHC 1.

657. Defendant Lauren Ratiani benefited from Jamin's conduct and, therefore, the community is liable for Defendant Jamin's conduct.

658. As a result of Defendants' actions, Plaintiffs have suffered damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. Judgment to be entered against Defendants Jamin, Lauren Ratiani, Kevin, CHH, Charis F., AH, and Haven EEOI in an amount to be determined at trial;

B. An award of punitive damages to be determined at trial;

C. Plaintiffs' attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

D. Post Judgment interest on the compensatory damages award pursuant to A.R.S. § 44-1201(B);

E. Any other Orders the Court deems just and equitable.

**COUNT X**
**Expulsion by Judicial Order Under A.R.S. § 29-3602**
**(Plaintiffs AHHC 1, AHHC 2, ANHC, and ANM against Defendants Jamin, CHH, and HHMI)**

659. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

660. Plaintiffs ANM and ANHC, through their principal Tjalas, has standing to seek that CHH be expelled as a member from Atlantic Companies on behalf of Atlantic Companies pursuant to A.R.S. §§ 29-3602, 29-3801, and 29-3802, pursuant to judicial order.

661. CHH and HHMI, through one of their principals Jamin, has engaged or is engaging in conduct relating to the Atlantic Companies' activities and affairs that makes it not reasonably practicable to carry on the activities and affairs with the person as a member of the Atlantic Companies.

662. As described in detail in paragraphs 180-496 above, CHH and HHMI, through one of their principals Jamin, has engaged in a pattern and practice of bank fraud and wire fraud siphoning tens of millions of dollars out of the bank accounts of Atlantic Companies into CHH's accounts and other insider organizations preventing Atlantic Companies from paying payroll taxes.

663. Additionally, upon information and belief, Defendant Jamin has diverted patients out of Atlantic Companies and into his insider organization Haven EEOI and LTH. *See Exhibit 24.*

///

664. The actions of CHH, HHMI and Jamin have caused Atlantic Companies to incur tens of millions of dollars in tax liabilities causing tax liens to be placed on the personal property of Plaintiff Tjalas.

665. The actions of CHH, HHMI and Jamin are a material breach of Atlantic Companies' Operating Agreement, Addendum, and Second Amended and Restated Operating Agreement.

666. The actions of CHH and HHMI were unknown and not approved by Plaintiff ANM.

667. The pattern of fraud and dishonesty make it impractical to continue with Jamin as the Manager/President of Atlantic Companies, and CHH or HHMI as a member of Atlantic Companies.

668. Atlantic Companies is entitled to a judicial expulsion of CHH and HHMI as member of Atlantic Companies pursuant to A.R.S. § 29-3602(5).

**WHEREFORE,** Plaintiffs AHHC 1, AHHC 2, ANHC, and ANM pray for relief as follows:

A. Judgment of expulsion from Atlantic Companies be entered against Defendants Jamin, HHMI and CHH;

B. Any other Orders the Court deems just and equitable.

///

///

///

///

**<u>COUNT XI</u>**
**Constructive Trust over Monies Diverted**
**(Plaintiffs Atlantic Companies against Defendants Jamin, Lauren Ratiani, CHH, Charis F., AH, LTH, Fictitious Entities I-X)**

669. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

670. Arizona law imposes a constructive trust where the circumstances under which the property was acquired make it inequitable for the person to retain it. *McRae v. McRae,* 37 Ariz. 307, 312-313 (1930).

671. Defendant Jamin, acting as Manager/President of Atlantic Companies, as a principal for CHH and Charis F., and as a brother-in-law for the manager of AH, engaged in a years' long bank and wire fraud scheme whereby he swept tens of millions of dollars out of at least one of the Atlantic Companies' bank accounts and into the accounts of insider organizations.

672. This actual or constructive fraud is described in detail in paragraphs 174-496 above and amounts to felonious criminal conduct.

673. Collectively, Defendants CHH, Charis F., and AH inequitably obtained control over tens of millions of dollars.

674. The siphoning of tens of millions of dollars prevented Atlantic Companies from paying payroll tax liabilities causing tens of millions of dollars in tax liabilities to the IRS as well as various states across the Country where Atlantic Companies engages in business.

///

675. This action has tarnished the name of AHHC 1, AHHC 2, and Plaintiffs Tjalas, ANHC, and ANM.

676. The monies received by CHH, Charis F., and AH along with any property purchased by CHH, Charis F., AH with the monies received from Atlantic Companies should be held in trust for Atlantic Companies and its member, ANM and/or ANHC.

677. Defendant Lauren Ratiani benefited from Jamin's conduct.

678. To the extent any monies improperly obtained by Jamin from Atlantic Companies is in the control of the community, the community should be ordered to hold those funds in trust for Atlantic Companies.

679. Additionally, upon information and belief, Defendant Jamin has diverted patients out of Atlantic Companies and into Haven EEOI and LTH, and possibly other unknown entities purposefully removing Atlantic Companies' earning capacity with respect to those patients.

680. The monies received by Haven EEOI, LTH, and Fictitious Entities I-X for any patient that used to be a patient of Atlantic Companies should be held in trust for Atlantic Companies.

**WHEREFORE,** Plaintiffs Atlantic Companies pray as follows:

A. Order that Defendants Jamin, Lauren Ratiani, CHH, Charis F., and AH hold in trust all monies unlawfully siphoned from the Atlantic Companies' bank accounts for the benefit of Atlantic Companies;

B. Order that Defendant Haven EEOI, LTH and Fictitious Entities I-X account for all monies received from patients that were once patients of Atlantic

Companies and hold those monies for the benefit of Plaintiff Atlantic Companies;

C. Order that any property purchased using the funds swept into the accounts of CHH, Charis F., and AH from Atlantic Companies be held in trust for the benefit of Plaintiff Atlantic Companies;

D. Any other order the Court deems just and equitable.

**COUNT XII**
**Accounting**
**(Plaintiffs AHHC 1, AHHC 2, ANHC, and ANM against Defendants Jamin, CHH, Charis F., and AH)**

681. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

682. In Arizona, parties to a fiduciary relationship have a right to an accounting.

683. Defendant Jamin owed AHHC 1 and its members a fiduciary duty as the Manager for AHHC 1.

684. Defendant Jamin owed AHHC 2 and its members a fiduciary duty as the President of AHHC 2.

685. Defendant Jamin breached that fiduciary duty when he siphoned tens of millions of dollars out of at least one bank account for Atlantic Companies into the accounts for insider organizations CHH, Charis F., and AH.

686. Plaintiffs Atlantic Companies, ANHC, and ANM have the right to an accounting for all funds removed from any of Atlantic Companies' bank accounts and

///

transferred to or deposited in any of the bank accounts of all insider organizations for Defendant Jamin, his family, and the Ruark Parties.

687. Additionally, as a member of Atlantic Companies, Plaintiffs ANHC and ANM have a right to access the books and records for Atlantic Companies. A.R.S. § 29-3410.

688. Plaintiffs ANHC and ANM has made a demand for the books and records and, to date, the Manager and controller of AHHC 1 and President of AHHC 2 has failed to produce those records. Request attached hereto as *Exhibit 25.*

689. Undersigned counsel has reiterated that request with counsel and the Manager and controller of Atlantic Companies continues to fail to produce the records. Letter attached hereto as *Exhibit 26.*

690. Plaintiffs ANHC and ANM are entitled to an order commanding the Manager and controller of Atlantic Companies to turn over all of its books and records.

**WHEREFORE,** Plaintiffs AHHC 1, AHHC 2, ANHC, and ANM pray for relief as follows:

A. Order that Defendant Jamin account for all monies unlawfully removed from Atlantic Companies' bank accounts;

B. Order that Defendants CHH, Charis F., and AH provide a full accounting of all monies received from Atlantic Companies;

C. Order that the Manager and controller of Atlantic Companies turn over all books and records of the company to Plaintiffs ANHC and ANM from 2017 through present.

D. Any other order the Court deems just and equitable.

## COUNT XIII
**Improper Distribution Under A.R.S. § 29-3406**
**(Plaintiffs AHHC 1, AHHC 2, ANHC, and ANM against Defendants CHH and Jamin)**

691. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

692. Under Arizona law, it is improper for an LLC to make a distribution to any of its members if such distribution would make the company unable to pay its debts as the debts become due in the ordinary course of the company's activities and affairs. A.R.S. § 29-3405(A).

693. Defendant, Jamin, acting as Manager/President of Atlantic Companies, engaged in a years' long pattern and practice of sweeping monies out of at least one of Atlantic Companies' bank accounts and into the bank account of member CHH and other insider organizations preventing Atlantic Companies from paying payroll taxes when they became due and owing.

694. There was no lawful basis for CHH and other insider organizations to take tens of millions of dollars from the account for Atlantic Companies.

695. The sweeps are nothing more than distributions to a member and other insider organizations for Jamin and CHH.

696. All distributions made to CHH and the insider organizations were improper distributions and CHH must return those funds to Atlantic Companies' accounts.

697. As the Manager/President of Atlantic Companies, and a member of the companies to which monies were funneled, equity requires that Defendant Jamin should be held personally responsible.

**WHEREFORE,** Plaintiffs AHHC 1, AHHC 2, ANHC, and ANM pray for relief as follows:

A. Judgment to be entered against Defendants CHH and Jamin in an amount to be determined at trial;

B. Post Judgment interest pursuant to A.R.S. § 44-1201 (B);

C. Any other Orders the Court deems just and equitable;

**COUNT XIV**
**Civil Conspiracy**
**(All Plaintiffs against all Defendants)**

698. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

699. Upon information and belief, all Defendants intended to utilize Tjalas and his entities as scapegoats for Defendants' felonious criminal conduct.

700. Upon information and belief, Defendants intended to create an entity that they could use under their Haven companies and Charis companies umbrella and have a joint member who could take the fall when their unlawful conduct is discovered by the federal or state governments.

701. Defendant Brian Friedberg acts as the CFO of various Haven/Charis companies/entities, including Atlantic Companies.

///

702. Defendant Kristi Jackson is a license holder for various Haven/Charis companies/entities in the State of Florida and performed an act of wire fraud for the benefit of the Ruark Parties and CHH.

703. Defendants Kevin, Janice Ruark, Jamin, Matthew Saagman, and Breanna Saagman are all members/directors/managers of various Haven/Charis companies/entities and have concocted a scheme to defraud Plaintiff Tjalas and his entities.

704. All Defendants have an agreement to accomplish the object of defrauding Tjalas and his entities, as well as various federal and state governmental agencies.

705. To accomplish their goal, the Defendants engaged in a several years' long scheme to sweep tens of millions of dollars out of the accounts for Atlantic Companies into various Haven/Charis companies/entities to be distributed and used outside of the purview of Atlantic Companies and Plaintiffs.

706. The scheme caused Atlantic Companies to incur tens of millions of dollars in payroll taxes and caused Tjalas to have his personal property liened until payment in full on all tax liabilities.

707. Defendants engaged in an act of wire fraud to remove Plaintiffs ANM and ANHC as members of AHHC 1 with the Arizona Corporation Commission for the purpose of, upon information and belief, allowing them to engage in further unknown criminal conduct without the knowledge of Plaintiffs.

708. Upon information and belief, Defendants engaged in healthcare fraud which triggered a settlement with the Department of Justice—a settlement that did not

include Plaintiffs ANM and Tjalas despite their membership status in Atlantic Companies. *Exhibit 8.*

709. Plaintiffs believe that there continues to be ongoing criminal investigations into Defendants and potentially Plaintiffs because of Defendants' criminal conduct.

710. Plaintiffs have suffered significant damages because of the civil conspiracy engaged in by the Defendants and are entitled to an award of damages in an amount to be determined at trial.

711. The Defendants actions were outrageous, criminal, performed knowingly and with an evil mind and, therefore, Plaintiffs are entitled to punitive damages.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Judgment entered against Defendants in an amount to be determined at trial;

B. An award of punitive damages in an amount to be determined at trial;

C. Post Judgment interest pursuant to A.R.S. § 44-1201(B);

D. Any other Orders the Court deems just and equitable.

**<u>COUNT XV</u>**
**Aiding and Abetting**
**(All Plaintiffs against Defendants Kevin, Janice Ruark, Matthew Saagman, Breanna Saagman, Brian Friedberg, Kristi Lyn Jackson, CHH, Charis F., AH, LTH, and HHMI)**

712. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

///

713. Defendant Jamin engaged in a several years' long scheme to defraud Plaintiff Tjalas and his entities which caused extensive and severe damage to Plaintiffs.

714. Each of the remaining Defendants knew Jamin was engaged in this scheme to siphon tens of millions of dollars out of Atlantic Companies' accounts to leave Atlantic Companies with severe tax liabilities at the expense of Plaintiffs, in order to enrich Jamin and his family's insider organizations.

715. Each of the remaining Defendants assisted and/or encouraged Jamin to complete his scheme to defraud.

716. Defendant Kristi Jackson engaged in wire fraud to unlawfully remove ANM's and ANHC's membership interest in AHHC 1.

717. Upon information and belief, Defendant Brian Friedberg assisted Jamin by preparing false financial statements and assisting in making the electronic transfers out of Atlantic Companies' accounts.

718. Defendants Kevin, Janice Ruark, Matthew Saagman, and Breanna Saagman all had ownership interest or were directors/managers of entities that benefitted from Jamin's felonious criminal conduct.

719. Defendants CHH, Charis F., and AH facilitated the fraud by receiving the transfer of misappropriated funds from Atlantic Companies.

720. Defendants Haven EEOI and LTH facilitated a fraud by Jamin by receiving patients diverted from Atlantic Companies.

721. As a result of the aiding and abetting by the Defendants, Plaintiffs have suffered significant damages in an amount to be determined at trial.

722. The Defendants actions were outrageous, criminal, performed knowingly and with an evil mind and, therefore, Plaintiffs are entitled to punitive damages.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Judgment against Defendants Kevin, Janice Ruark, Matthew Saagman, Breanna Saagman, Kristi Lyn Jackson, Brian Friedman, HHMI, CHH, Charis F., LTH, and AH in an amount to be determined at trial;

B. An award of punitive damages in an amount to be determined at trial;

C. Post Judgment interest pursuant to A.R.S. § 44-1201(B);

D. Any other Order the Court deems just and equitable.

**COUNT XVI**
**Declaratory Judgment**
**(Plaintiffs Tjalas, ANHC, ANM against Defendants Jamin and CHH)**

723. Plaintiffs incorporate by reference the contents and allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

724. Courts in Arizona have the power to declare rights, status, or other legal relations. A.R.S. § 12-1831, *et seq.*

725. Plaintiffs seek declaratory relief regarding the confusion created by Defendants when they organized a Delaware company with the exact same name as an Arizona company, registered that entity in Arizona, and where both entities share the same: management, address, statutory agent contact, business (home health care), and ownership.

726. There are two EINs affiliated with the Atlantic Companies but there is no document available to the Plaintiffs to identify which entity belongs to which EIN.

727. Plaintiffs believe that the EIN 36-4900853 belongs to AHHC 2 but cannot confirm the same.

728. The Atlantic entity with the EIN 36-4900853 owns the PNC bank accounts referenced above.

729. The Atlantic entity with the EIN 36-4900853 issued K-1s from 2020 to present to Plaintiffs Tjalas and ANHC identifying them as 50% owner.

730. The Atlantic entity with the EIN 36-4900853 issued K-1s from 2020 to present to Defendant CHH identifying it as 50% owner.

731. The Atlantic entity with the EIN 36-4900853 made profit distributions to Plaintiff Tjalas, though his disregarded entity ANHC, as if he were a member of that entity.

732. Defendant Jamin, under oath, held Plaintiff Tjalas, through his disregarded entity ANHC, as 50% owner of AHHC 2.

733. Even though both AHHC 1 and AHHC 2 were defendants in the *Qui Tam* litigation, it appears that the Department of Justice only entered a settlement with AHHC 2.

734. Plaintiffs Tjalas, ANM, and ANHC were unaware that Defendants had created AHHC 2 with the intent to act as a separate entity from AHHC 1, although AHHC 2 had the exact same name, address, manager/directors, members (according to K-1s and other documents sworn to by Defendant Jamin), and performed the exact same services as AHHC 1.

///

735. Plaintiffs Tjalas, ANM, and ANHC believed that AHHC 2 served as nothing more than a dba of AHHC 1 and believed that AHHC 1 and AHHC 2 were the same entity operating under the same Operating Agreements.

736. Plaintiffs, Tjalas, ANM, and ANHC were unaware that the only member registered with the ACC for AHHC 2 was Defendant Matthew Saagman.

737. Upon information and belief, Defendant Matthew Saagman does not receive K-1s from AHHC 2 and does not hold himself out as an owner of AHHC 2.

738. Plaintiff Tjalas sought financial statements and bank account records from Atlantic Companies during the pendency of his divorce and received some of the financial records requested.

739. The financial statements and bank account records Plaintiff Tjalas received from Defendants were for the Atlantic entity with the EIN 36-4900853.

740. Upon information and belief, the entity with the EIN 36-4900853 is AHHC 2.

741. The first time Plaintiff Tjalas learned that the bank statements and financial records he received from Defendants for Atlantic Companies may be for AHHC 2 and not AHHC 1 was June 2024.

742. To the extent AHHC 2 operates its business separate and apart from AHHC 1, Defendant Jamin breached his fiduciary duty to AHHC 1 by transferring all AHHC 1's business to AHHC 2.

///

///

743. If AHHC 2 is the same entity as AHHC 1, it serves no legitimate business purpose and is nothing more than a sham corporation that exists for no other purpose than as a vehicle for fraud.

744. Plaintiffs Tjalas, ANM, and ANHC seek a declaration that:

a. AHHC 2 and AHHC 1 are the same entity;
b. The Operating Agreements for AHHC 1 apply to AHHC 2;
c. Plaintiff Tjalas, through his disregarded entity ANHC, is a 50% member of AHHC 2;
d. Plaintiffs Tjalas and ANHC have standing to bring a derivative claim on behalf of AHHC 2

745. Plaintiffs are entitled to an award of costs pursuant to A.R.S. § 12-1840.

**WHEREFORE**, Plaintiffs Tjalas, ANM, and ANHC pray for relief as follows:

A. Judgment declaring that: (1) AHHC 2 and AHHC 1 are the same entity; (2) Tjalas, through his entity ANHC, is 50% member of AHHC 2; and, (3) Plaintiffs Tjalas and ANHC have standing to file a derivative action on behalf of AHHC 2;

B. Costs pursuant to A.R.S. § 12-1840;

C. Any other Orders the Court deems just and equitable.

RESPECTFULLY submitted this 3rd day of July, 2024.

**RYAN RAPP PACHECO SORENSEN, PLC**

/s/ Christopher T. Rapp
Christopher T. Rapp
Lesli M. H. Sorensen
*Attorneys for Plaintiffs*

**THE LAW OFFICES OF DONALD W. HUDSPETH, P.C.**

/s/ Donald W. Hudspeth
Donald W. Hudspeth
*Attorneys for Plaintiffs*

**VERIFICATION BY UNSWORN DECLARATION**

(28 U.S.C. § 1746)

I, Kirk Tjalas, Plaintiff in this action, declare as follows:

I have read the foregoing Verified Complaint. The statements made therein are true and correct to the best of my knowledge, information, and belief.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 26 day of June, 2024

[signature]

Kirk Tjalas