**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Act Now Management LLC, et al., | No. CV-24-01641-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| Kevin Reese Ruark, et al., | |
| Defendants. | |

Before the Court are Defendants' Motions to Strike Plaintiffs' Second Amended Verified Complaint ("SAC") Pursuant to Rule 8. (Docs. 99, 100). The Motions are fully briefed. (Docs. 99, 100, 104). The Court finds that resolution of the Motions is appropriate without oral argument. For the following reasons, the Court denies both Motions. (Docs. 99, 100).

### I.   BACKGROUND

This is a Civil RICO case predicated on mail fraud, wire fraud, and financial institution fraud. 18 U.S.C. § 1961 et seq.; (Doc. 90). Plaintiffs Act Now Management LLC, Act Now Health Care Solutions LLC, Atlantic Home Health Care LLC dba Haven Home Health Care LLC, and Titus Tjales (formerly known as Kirk Tjales) allege that Defendants Charis Healthcare Holdings LLC, Haven EEOI Holdings LLC, Haven Holdings MI LLC, Lauren Ratiani, and Jamin Reese Ruark  ("Ruark Defendants") and Defendant Brian Friedberg ("Defendant Friedberg") engaged in a several years' long pattern and practice of unlawfully sweeping funds from the bank account(s) of Plaintiff

Atlantic Home Health Care, LLC ("AHHC 1") and/or Atlantic Home Health Care, LLC dba Haven Home Health Care, LLC ("AHHC 2") into the bank accounts of multiple other insider entities to deplete the funds of AHHC 1 and AHH2 simultaneously leaving Plaintiffs with significant tax liabilities and tax liens and with a loss of millions of dollars in income. (Doc. 90).

Plaintiffs commenced this action on July 1, 2024. (Doc. 1). On September 18, 2025, this Court granted Defendant Friedberg's Motion to Adopt the Motion to Strike and Motion to Adopt Reply to Motion to Strike (Docs. 53; 69), granted the other Defendants' Motion to Strike (Doc. 51), and struck Plaintiffs' First Amended Complaint. (Doc. 17). On October 24, 2025, Plaintiffs filed a Seconded Amended Complaint ("SAC"). (Doc. 90). The Ruark Defendants filed a Joint Motion to Strike Amended Complaint (Doc. 99) and Defendant filed a Motion to Strike Amended Complaint (Doc. 100) on November 21, 2025. Plaintiffs timely responded to Defendants' Motions to Strike. (Doc. 104).

## II.   LEGAL STANDARD

Rule 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010). "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Moreover, a motion to strike may be filed in only two situations: (1) when the motion to strike is authorized by statute or rule, or (2) when the motion to strike seeks to strike a filing or submission because it is prohibited by statute, rule, or court order. LRCiv 7.2(m)(1). "[V]erbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131-32 (9th Cir. 2008).

Additionally, dismissing a claim under a Rule 12(f) motion strike is a drastic remedy that requires "an extreme circumstance." Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc., 149 F.4th 1081, 1085 (9th Cir. 2025) (overturning a district court's

dismissal of a claim under Rule 12(f) for abuse of discretion.)

Fed. R. Civ. P. 8(a)(2) requires that complaints contain a short and plain statement that plaintiff is entitled to relief. However, a plaintiff must also provide "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

However, RICO claims must comply with Rule 9(b)'s heightened pleading standard, which "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud." Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991); Fed. R. Civ. P. 9(b) (requires that "the circumstances constituting fraud. . . be stated with particularity.") Rule 9(b) "requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400 (9th Cir. 1986) (quoting Bosse v. Crowell Collier & MacMillan, 565 F.2d 602, 611 (9th Cir. 1977); see also Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. 1973). The Ninth Circuit interprets "Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Schreiber Distrib. Co., 806 F.2d at 1401; see Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985) (citing Miscellaneous Service Workers, Drivers & Helpers v. Philco-Ford Corp., 661 F.2d 776, 782 & n. 16 (9th Cir. 1981)).

### III. DISCUSSION

All Defendants move the Court to strike Plaintiffs' SAC for failure to comply with Rule 8. (Docs. 99, 100); Fed. R. Civ. P. 8. However, RICO fraud claims are subject to Rule 9(b)'s heightened pleading standard, which requires that "the circumstances constituting fraud. . .be stated with particularity." Schreiber Distrib. Co., 806 F.2d at 1400; Fed. R. Civ. P. 9(b).

Defendants argue that Plaintiffs' 76 page Second Amended Verified Complaint consisting of 502 separately numbered paragraphs does not constitute a short and plain

statement and "contains far more narrative and verbiage than required to state a claim for relief. (Doc. 99 at 9; Doc. 100 at 6). The Ruark Defendants argue that the SAC should be stricken only due to its length. (Doc. 99). In contrast, Defendant Friedberg alleges that the compound allegations and repeated claims in the SAC regarding multiple defendants make it "impossible" for Defendant Friedberg to respond to numerous allegations in the SAC "without expending countless hours unraveling the unnecessarily complex paragraphs in the complaint." (Doc. 100 at 6-7). Defendant Friedberg provides a chart summarizing the compound paragraphs in the SAC. (Id. at 7-9).

Plaintiffs argue that the Ruark Defendants only argue that the SAC should be stricken for length and Defendant Friedberg argues that the entire SAC should be stricken because it contains compound paragraphs, which are improper bases for striking an entire complaint. (See Docs. 99, 100; 104); see Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131-32 (9th Cir. 2008) ("verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)."); Fed. R. Civ. P. 12(f). The Court agrees.

Rule 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, dismissing a claim pursuant to a Rule 12(f) motion strike is a drastic remedy that requires "an extreme circumstance." Quintara Biosciences, Inc.,149 F.4th at 1085.

Rather than identify offending paragraphs contained in the SAC that the Ruark Defendants believe are "immaterial or unnecessary" or argue that the SAC "fails to set forth cognizable causes of action, that the legal theories are incoherent, or that they cannot tell which causes of action are alleged against which Defendants[, t]hey simply object that the complaint provides too much factual detail." Hearns, 530 F.3d at 1130; (Doc. 99). Also, Defendant Friedberg asks for a drastic remedy that the entire SAC be stricken instead of only the compound paragraphs that allegedly violate Rule 8. The court finds that Defendants do not demonstrate "an extreme circumstance" that justifies the drastic remedy of striking the entire SAC. Quintara Biosciences, Inc.,149 F.4th at 1085. Thus, the Court declines to grant Defendants' Motions. (Docs. 99, 100).

Additionally, Defendants request the Court strike the entire SAC for failing to comply with Rule 8. (Docs. 99, 100). However, Plaintiffs bring a RICO cause of action, so the SAC is subject to Rule 9's heightened pleading requirements. See H.J. Inc. v. Northwestern Bell Telephone Co., 429 U.S. 229, 238-39 (1989); see also Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir. 1995). Plaintiffs are required to plead both the Civil RICO statute and the predicate acts for the Civil RICO claim with particularity. See Sedima, S.P.R.L v. Imrex Co., Inc., 473 U.S. 479, 498 (1985). Defendants do not contest that Plaintiffs satisfy Rule 9's heightened pleading requirement. (See Docs. 99, 100); LRCiv 7.2(i) (Failure to respond to an argument "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."). Upon review of Plaintiffs' SAC, the Court finds that Plaintiffs satisfy Rule 9's heightened pleading standard. (Doc. 90).

Defendants also argue that requiring them to wade through Plaintiffs' Second Amended Complaint would be contrary to Rule 1. See Fed. R. Civ. P. 1. Rule 1 provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Id. Defendants argue that answering Plaintiffs' SAC would be expensive and "a potential trap for inadvertent admissions or denials that could be used against Defendants at a later date." (Doc. 99 at 9). In response, Plaintiffs argue that requiring Defendants to answer the SAC does not violate Rule 1 just because the complaint is long. (Doc. 104 at 14). The Court agrees with Plaintiffs that the SAC, although lengthy, does not violate Rule 1, especially given that this is a civil RICO case subject to Rule 9's heightened pleading standard.

Moreover, the Federal Rules of Civil Procedure allow inadvertent mistakes to be corrected. See Fed. R. Civ. P. 15.

Accordingly,

**IT IS ORDERED denying** Defendants' Motions to Strike **with prejudice**. (Docs. 99, 100).

**IT IS FURTHER ORDERED directing** Defendants to answer Plaintiffs' Second Amended Verified Complaint <u>on or before December 23, 2025</u>.

**IT IS FURTHER ORDERED denying** Defendant Friedberg's Consent Motion for Extension to File Answer as **moot**. (Doc. 96).

Dated this 10th day of December, 2025.

*[Signature]*
Stephen M. McNamee
Senior United States District Judge